**Claude F. GARRETT, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 3–180A1.**

Court of Appeals of Indiana, Third District.

Dec. 19, 1980.

Harriette Bailey Conn, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Asst. Atty. Gen., Indianapolis, for appellee.

## ON PETITION FOR REHEARING

HOFFMAN, Judge.

In this Petition for Rehearing, 411 N.E.2d 692, the defendant raises a new challenge to the jurisdiction of this Court. Four consecutive sentences were imposed in this case consisting of one to ten years, six months, six years, and six years. Whether or not this Court has jurisdiction depends on the interpretation of Ind. Rules of Procedure, Appellate Rule 4(A)(7) and Post-Conviction Rule 1, § 7. These rules grant jurisdiction to the Supreme Court in all criminal cases involving a minimum sentence of greater than ten years. It is unclear from these rules whether, when dealing with an appeal involving multiple consecutive sentences, jurisdiction is determined by reference to the aggregate of the sentences imposed or merely by reference to the minimum of each sentence imposed, without regard to the consecutive requirement. In the case at bar, if jurisdiction is determined by the minimum of each sentence, then this Court clearly has jurisdiction. Conversely, if the rules require reference to the aggregate of the terms imposed then jurisdiction properly rests with the Supreme Court. In *Hawkins v. Jenkins* (1978), 268 Ind. 137, 374 N.E.2d 496, the Supreme Court retained jurisdiction of eight habeas corpus petitions through the exercise of its discretionary authority. In so doing, the Court noted that "none of the petitioners were originally sentenced to a minimum of greater than ten years, a requirement for this Court to exercise jurisdiction in a post-conviction relief case. PC 1, § 7; AP 4(A)(7)." For the determination of the ten year period, the Court gave no consideration to subsequent sentences which were to be served consecutively.

The proper inference arising from the *Hawkins* case is that jurisdiction is to be determined by reference to each sentence imposed without regard to whether or not other terms may be served consecutively. The application of that rule to the present case compels a finding that jurisdiction here rests in the Court of Appeals. This interpretation provides the easiest and most expedient appellate procedure for our judicial system.

The Petition for Rehearing is denied.

GARRARD, P. J., and STATON, J., concur.