Thomas Abraham GREEN, Appellant,

v.

STATE of Indiana, Appellee.

No. 1179S314.

Supreme Court of Indiana.

June 15, 1981.

C. Thomas Cone, Greenfield, for appellant.

Theodore L. Sendak, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen. Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from convictions for rape, class B felony; child molesting, class C felony; and confinement, class B felony. Appellant Green was sentenced to consecutive terms of twenty years each on the B felonies and a term of five years on the C felony which is concurrent with the other terms.

On appeal Green raises the following issues: whether the trial court failed to follow prescribed statutory procedure when Green entered a special plea of insanity; whether the trial court failed to follow statutorily prescribed procedure when he entered a suggestion of incompetency; and whether the trial court erred in imposing consecutive sentences.

I.

Green claims that the trial court committed reversible error when it refused to order a psychiatric examination as required by Ind. Code § 35–5–2–2, after permitting him to file out of time a notice of an insanity defense pursuant to Ind. Code § 35–5–2–1. The statutes read as follows:

Ind. Code § 35–5–2–1.

"When the defendant in a criminal case intends to interpose the defense of insanity, he must file a notice of that intent with the trial court within thirty days after entry of a plea of not guilty. However, in the interest of justice and upon a showing of good cause, the court may permit the filing to be made at any time before commencement of the trial."

Ind. Code § 35–5–2–2.

"At the trial of such a case, evidence may be introduced to prove the defendant's sanity or insanity at the time at which he is alleged to have committed the offense charged in the indictment or information. When notice of an insanity defense is filed, the court shall appoint two or three competent disinterested psychiatrists to examine the defendant, and to testify at the trial. Such testimony shall follow the presentation of the evidence for the prosecution and for the defense, including testimony of medical experts employed by the state and by the defense, if any. The medical witnesses appointed by the court may be cross-examined by both the prosecution and the defense, and each side may introduce evidence in rebuttal to the testimony of such medical witnesses."

Nothing in the record supports Green's claim that the trial court had indeed exercised its discretion under § 35–5–2–1, and permitted him to file out of time. We find only a copy of the special plea (which incidentally does not meet the requirement of showing good cause for being filed more than thirty days after entry of the plea) stamped by the clerk's office with the date of the first day of the trial. The record does not show that the trial court made any determination on the insanity

defense, raising the inference that it refused to exercise its discretion and permit filing out of time. Since the notice was not permitted to be filed, the mandatory provisions of § 35–5–2–2 did not come into play. There was no error here.

## II.

The next claim is that the trial court committed reversible error in failing to follow the requirements of Ind. Code § 35–5–3.1–1 which provides:

"(a) If at any time before the final submission of any criminal case to the court or jury trying the same, the court, either from its own knowledge or upon the suggestion of any person, has reasonable grounds for believing that the defendant lacks the ability to understand the proceedings and assist in the preparation of his defense, the court shall immediately fix a time for a hearing to determine whether the defendant has that ability. The court shall appoint two competent disinterested psychiatrists, who shall examine the defendant for the purpose of forming an opinion as to whether the defendant has that ability and shall testify concerning the same at the hearing.

"(b) At the hearing, other evidence may be introduced if relevant to whether the defendant has the ability to understand the proceedings and assist in the preparation of his defense. If the court finds that the defendant has the ability to understand the proceedings and assist in the preparation of his defense, the trial shall proceed. If the court finds that the defendant lacks that ability, the trial shall be delayed or continued, and the court shall order the defendant committed to the department of mental health, to be confined by the department in an appropriate psychiatric institution."

Green filed a suggestion of incompetency which the court did not accept, ruling that the defendant had presented no evidence to raise the inference of incompetency.

Green argues that the trial court must appoint two competent psychiatrists to examine a defendant once the suggestion of incompetency is made.

■ This view of the meaning of Ind. Code § 35–5–3.1–1 is clearly mistaken. Unlike the insanity defense statute which mandates appointment of psychiatrists upon the filing of a notice of an insanity defense, this statute requires appointment of two psychiatrists only "[i]f . . . the court . . . has reasonable grounds for believing" that the defendant is incompetent. The appellant's "suggestion of incompetency" contained only the naked assertion that he was incompetent to stand trial and was incapable of assisting in his defense. We cannot say that the trial judge abused his discretion in making his determination that reasonable grounds did not exist. There was no error here.

## III.

Finally Green claims that the imposition of consecutive sentences was improper and that his sentence should be modified. Ind. Code § 35–50–1–2 (Burns 1979 repl.) provides that consecutive sentences are mandatory only in circumstances not presented by this case; otherwise "the court shall determine whether terms of imprisonment shall be served concurrently or consecutively." Green argues correctly that the sentencing court must then turn to the criteria for sentencing set out in Ind. Code § 35–50–1A–7 (Burns 1979 repl.) which include factors which the court is required to consider, and factors which it may consider in arriving at an appropriate sentence. His argument, citing no authorities, is that the factors required to be considered—the risk that the person will commit another crime, the nature and circumstances of the crime committed, and the prior criminal record, character, and condition of the person—favored imposing concurrent sentences. We do not pass on this question.

■ Shortly before the start of Green's trial, we held, in *Gardner v. State*, (1979) Ind., 388 N.E.2d 513, that a trial court is required to set forth its reasons for increasing or decreasing the basic statutory penal-

ty, or for imposing consecutive sentences. See also, *Abercrombie v. State*, (1981) Ind., 417 N.E.2d 316; *Page v. State*, (1980) Ind., 410 N.E.2d 1304. Since the trial court did not make the required statement of reasons, we remand this cause with instructions that it enter its findings, if there are any, supporting the imposition of consecutive sentences or impose concurrent terms.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.