Thomas Abraham GREEN, Appellant,

v.

STATE of Indiana, Appellee.

No. 1179S314.

Supreme Court of Indiana.

Aug. 24, 1981.

C. Thomas Cone, Greenfield, for appellant.

Theodore L. Sendak, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., for appellee.

DeBRULER, Justice.

Upon consideration of this direct appeal, *Green v. State*, (1981) Ind., 421 N.E.2d 635, from convictions on three criminal counts, we remanded this case to the sentencing court because there was no statement of reasons for the imposition of consecutive sentences as required by our holding in *Gardner v. State*, (1979) Ind., 388 N.E.2d 513. We affirmed the convictions for rape, class B felony; child molesting, class C felony; and criminal confinement, class B felony, in all other respects.

On remand, the trial judge, Honorable Richard T. Payne, ordered the preparation of a supplemental record containing the transcript of the sentencing hearing which had been omitted from the record of the proceedings that accompanied the appeal.

We have reviewed the record of the sentencing hearing. Although the trial court closely tracked the language of the statute governing criteria for sentencing (Ind.Code § 35–4.1–4–7 [Ind.Code § 35–50–1A–7, Burns 1979 Repl.]) in negating mitigating circumstances and finding aggravating circumstances justifying the consecutive sentences, it does so in a way that does not satisfy the mandate of the statute governing sentencing hearings in felony cases:

> "If the court finds aggravating circumstances or mitigating circumstances, a statement of the court's reasons for selecting the sentence it imposes [shall be given]." Ind.Code § 35–4.1–4–3(3) (Ind. Code § 35–50–1A–3[3] Burns 1979 Repl.)

▇▇ A mere recital of the statutory factors is not a "statement of the court's reasons." The defendant must be told and this Court must know the reasons why the trial court imprisoned the defendant for forty years rather than for twenty. The only particularized reason for imposing the consecutive sentences here was that serious harm to the victims was threatened because of the use of a gun. Since use of a gun is part of the felony charged, it cannot alone support an enhanced sentence. The trial court must proceed from the bland and conclusory language of the sentencing criteria statute to a specific and individualized statement of why the use of a gun in this instance supports imposition of consecutive terms. Otherwise it must impose concurrent sentences.

Remanded for a statement of the court's reasons for the sentences imposed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.