**Ronald L. GRASSMYER, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 3–481A89.

Court of Appeals of Indiana, Third District.

Oct. 29, 1981.

John F. Hoehner, Valparaiso, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Ronald L. Grassmyer was convicted of arson resulting in bodily injury, a Class A felony.[1] The trial court imposed the following judgment (sentence): [2]

"The Court sentences the defendant to 20 years determinant to the Indiana Reception and Diagnostic Center and suspends 10 years of said sentence. The Court specifically finds that there [were] mitigating circumstances justifying the reduction of 10 years of the sentence. The defendant is given credit for time served. The defendant is further placed on for-

mal probation for a period of five years after release from incarceration. . . ." (brackets added)

The Ind. Rules of Procedure, Appellate Rule 4(A)(7) provides:

"The Supreme Court shall have exclusive jurisdiction of:

\* \* \* \* \* \*

"(7) Appeals in criminal cases from judgments (sentences) imposing a sentence of death, life imprisonment or a minimum sentence of greater than ten [10] years. . . ."

And, AP. 4(B) provides:

"In all other cases, appeals shall be taken to the Court of Appeals. . . ."

It is well-established that the differing jurisdictions of the courts of appeal are determined by the minimum sentence imposed. *Brady v. State* (1981), Ind., 417 N.E.2d 1108; *Garrett v. State* (1980), Ind.App., 415 N.E.2d 720. Therefore, the Supreme Court has exclusive jurisdiction over this appeal.

The fact that ten years of the twenty-year sentence was suspended is not relevant to the determination of jurisdiction upon appeal. The suspension of a sentence in Indiana is governed exclusively by statute. *State ex rel. Gash v. Morgan County Superior Court* (1972), 258 Ind. 485, 283 N.E.2d 349, *modified on other grounds, Hoffa v. State* (1977), 267 Ind. 133, 368 N.E.2d 250. In pertinent part, Ind.Code § 35–50–2–2 (Supp.1980) provides:

"Whenever the court suspends a sentence for a felony, it shall place the person on probation under IC 35–7 for a fixed period to end not later than the date the suspended sentence expires."

Thus, when the defendant's sentence is suspended, the defendant is placed on probation by operation of the statute. Probation is a sentence which must be served like any other sentence. It is not a reduction in the sentence, but rather, is a supervised sen-

---

1. Ind.Code § 35–43–1–1 (Supp.1980).

2. Ind.Code § 35–50–2–4 (Supp.1980) provides:
   "A person who commits a Class A felony shall be imprisoned for a fixed term of thirty (30) years, with not more than twenty (20) years added for aggravating circumstances or not more than ten (10) years subtracted for mitigating circumstances. . . ."

tence without incarceration. Campbell, *Law of Sentencing*, § 11 (1978). This is further evidenced by the fact that should the terms of probation be violated, the court may order the defendant to execute the sentence originally suspended. Ind. Code § 35–7–2–2(f) (Supp.1980).

Therefore, the jurisdiction of the courts of appeal is determined by the "minimum sentence" imposed, not by the term the defendant is to serve incarcerated. Pursuant to AP. 15(M), this cause shall be transferred to the Indiana Supreme Court.

HOFFMAN, P. J., and GARRARD, J., concur.