Bruce Anthony **RICHARDSON**, Appellant (Defendant Below),

v.

**STATE of Indiana**, Appellee (Plaintiff Below).

No. 1179S329.

Supreme Court of Indiana.

Dec. 22, 1981.

Jeffrey A. Lockwood, Lockwood & Swick, Alexandria, for appellant.

Theodore L. Sendak, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

■ Defendant (Appellant) was convicted of five (5) counts of Armed Robbery after trial by jury. The trial court imposed four (4) ten (10) year concurrent terms of imprisonment on Counts I–IV and one ten (10) year consecutive term of imprisonment on Count V. This direct appeal [1] presents the following issues:

(1) Whether on this record one Robbery occurred or five Robberies occurred.

(2) Whether the trial court properly sentenced the defendant.

\* \* \*

On August 3, 1978, Mr. and Mrs. Orville Wilson, co-owners of the Flamingo Motel in Tipton County, were entertaining relatives in their living quarters. The quarters were adjacent to and opened into the motel office. The defendant and another burst into the quarters armed with a shotgun and announced a hold up. By such intimidation, they took Mr. Wilson's watch and some money from his person. From his nephew, Glen Hunsucker, they took money and credit cards; from Mrs. Hunsucker, they took her purse and from the Hunsuckers' son, David, his watch. They exited, still holding the victims at bay with the shotgun, and as they went through the office, they took the business funds from the cash drawer.

Defendant, relying on *Williams v. State*, (1979) Ind., 395 N.E.2d 239, contends that these facts constitute but one Robbery. In *Williams* we held that an individual who

---

1. Defendant did not receive a sentence in excess of ten (10) years imprisonment on any one count charged in the information. The State, however, does not challenge our jurisdiction. Ind.R.App.P. 4(A)(7). Because of the importance of the issues presented, we exercise our inherent authority to review the case. *State v. New*, (1981) Ind., 421 N.E.2d 626, 628; *Menefee v. State*, (1981) Ind., 417 N.E.2d 302, 303. See also Ind.R.App.P. 4(A)(10).

robs a business establishment and takes that business' money from each of four employees could be convicted of but one count of Robbery, *Id.* at 248–49, adopting the rationale of the federal bank robbery statute as applied in *United States v. Canty*, (1972) 152 U.S.App.D.C. 103, 469 F.2d 114. *Williams* has more recently been followed (Prentice, J. dissenting) in *Lane v. State*, Ind., 428 N.E.2d 28, handed down December 3, 1981 and *Allen v. State*, Ind., 428 N.E.2d 1237, 1981.

In decisions following *Williams, supra,* we made it clear that the rule thereof applies only where the bandit takes property belonging to a single business entity from each of several persons. *Young v. State*, (1980) Ind., 409 N.E.2d 579, 583; *Ferguson v. State*, (1980) Ind., 405 N.E.2d 902, 906; *McKinley v. State*, (1980) Ind., 400 N.E.2d 1378.

■ In the case before us, Defendant and his cohorts took property from four of the five persons accosted in the living quarters. In each instance, the property taken was owned by the person from whom it was taken and was in their possession, hence no "Williams" question can be presented with respect to them, and four robberies clearly occurred. It must be noted, however, that no property was taken at that time from Mrs. Wilson.

■ As the bandits went through the office, they took money from the cash drawer. This money was the jointly owned property of Mr. and Mrs. Wilson, hence Mrs. Wilson, at that point, became a victim of the robbery, and *Williams* is not applicable. It might appear that a fifth robbery could not be charged, inasmuch as one had already been charged with respect to Mr. Wilson and he was a proprietor of the business, hence an owner of the money. However, Mrs. Wilson's interest therein is sufficient basis for the charge, notwithstanding that it was jointly with and undivided from that of Mr. Wilson.

## ISSUE II

■ Defendant contends that the trial court failed to make a proper record of his sentencing in violation of Ind.Code § 35–4.-1–4–3 (35–50–1A–3 (Burns 1979)). He asserts prejudice in the trial court's failure to inform him of the reasons for the imposition of consecutive sentences. The entire record of June 15, 1979 sentencing follows:

"Comes now the state of Indiana by Prosecuting Attorney. Comes also defendant in person with counsel, Jeffrey Lockwood. Pre-sentence investigation by the Probation Officer of Grant County, Indiana, filed. Court now ascertains that the name of the defendant is Bruce Richardson and that his true age is twenty (20) years. Upon the verdicts of the jury heretofore returned the Court now finds the defendant is guilty of Count I, robbery, a class B felony; Count II, robbery, a class B felony; Count III, robbery, a class B felony; Count IV, robbery, a class B felony; and Count V, robbery, a class B Felony. Upon such findings, the Court now orders defendant committed to the custody of the Indiana Department of Corrections for 10 years on Count I, 10 years on Count II, 10 years on Count III, 10 years on Count IV, and 10 years on Count V, and further orders the defendant serve Count V consecutively with Counts I, II, III, and IV, the same being served concurrently and further orders that he be disfranchised during the term of his imprisonment, that he be given credit for 201 days spent in confinement prior to sentencing, and given credit for good time conduct for said time spent in confinement. The Court now finds that the defendant is indigent and the costs are remitted. Judgment on findings. The Court now advises defendant that he has a right to file a motion to correct errors and to take an appeal. Defendant advises the Court that he does desire to file a motion to correct errors and to appeal."

When a judge increases or decreases the basic sentence, suspends the sentence, or imposes consecutive terms of imprisonment, the record should disclose what factors were considered by the judge to be mitigating or

aggravating circumstances. *Gardner . v. State*, (1979) Ind., 388 N.E.2d 513, 517.

To guide the trial judge in making the required findings we refer him to our recent decisions in *Green v. State*, (1981) Ind., 424 N.E.2d 1014 (review after remand) and *Page v. State*, (1981) Ind., 424 N.E.2d 1021 (review after remand).

The cause is remanded to the trial court with instructions that it make findings, if any, supporting the imposition of consecutive sentences or, in the alternative, re-sentence the defendant to concurrent terms. *Green v. State*, (1981) Ind., 421 N.E.2d 635, 638. In all other respects the judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.