James HUFF, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1181S328.

Supreme Court of Indiana.

Oct. 5, 1982.

John D. Clouse, Michael C. Keating, Laurie A. Baiden, Evansville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted and sentenced as follows:

| CHARGE | SENTENCE |
| --- | --- |
| Dealing in Cocaine, Ind. Code § 35–48–4–2(1) (Burns Supp. 1982) | Two (2) years, suspended |
| Dealing in Methaqualone, a Schedule II Controlled Substance, Ind. Code § 35–48–4–2(1) (Burns Supp. 1982) | Two (2) years, suspended |
| Conspiracy to Deliver Cocaine in Excess of Three Grams, Ind. Code § 35–41–5–2 (Burns 1979) | Six (6) years, plus fourteen (14) years probation |

In *Grassmyer v. State,* (1981) Ind.App., 426 N.E.2d 1377 the defendant was sentenced to twenty (20) years imprisonment, ten years of which was suspended. "After release from incarceration" he was to serve five (5) years probation. The Court of Appeals held that Ind.Code § 35–50–2–2 (Burns Supp.1982) automatically converts a suspended sentence to probation for the period suspended and that probation is a sentence for purposes of determining jurisdiction on appeal. Thus Defendant Grassmyer had been sentenced to twenty (20) years and should have filed his appeal in the Supreme Court pursuant to Ind.R.App.P. 4(A)(7). The case was transferred to this Court where we unanimously overruled the Court of Appeals, *Grassmyer v. State,* (1981) Ind., 429 N.E.2d 248, 250–51 stating:

"The jurisdiction of this Court is reckoned by determining the minimum period of incarceration which would satisfy the sentence (not taking into consideration the credit for good time served while in prison, authorized by the statutes and determined by prison authorities)." Id. at 251.

■ Under this interpretation of our jurisdiction, which is in accord with our jurisdiction as set out in the Constitution, Article 7, Section 4, Defendant has not received a sentence in excess of ten years imprisonment on any one count charged in the information. *Richardson v. State,* (1981) Ind., 429 N.E.2d 229, 230 n. 1 (cases cited therein).

■ It is possible that a defendant will not enjoy the entire benefit of a sentence of probation. In this case before the twenty years has expired, Defendant may, through unforeseeable circumstances or occurrences, actually serve in excess of ten years imprisonment upon the conspiracy conviction. However, the mere chance that a defendant may serve in excess of ten years imprisonment upon any one charge of an information is not the measure of this Court's jurisdiction under Ind.R.App. 4(A)(7). In order to file his case with this Court, as the first instance of appellate review, a defendant must be able to show, based upon the trial court's judgment of conviction and sentence and without regard to good time credit provisions, that he is going to be incarcerated for at least one day more than ten years on any one count of the charging instrument.

In this instance we choose to exercise our authority under Ind.R.App.P. 15(M) to order the case transferred to the Court of Appeals notwithstanding our having exercised inherent authority in the past to decide such cases. That practice merely encourages counsel for both sides to file a criminal appeal without regard for the jurisdictional rules as evidenced by the number of such cases already "inherently" entertained in the first instance by this Court. *Richardson v. State, supra; Meadows v. State,* (1981) Ind., 428 N.E.2d 1232, 1233;

*Reynolds v. State,* (1981) Ind., 422 N.E.2d 1239, 1240 (post conviction); *Neice v. State,* (1981) 421 N.E.2d 1109, 1111; *State v. New,* (1981) Ind., 421 N.E.2d 626, 628 (appeal by the state); *Davis v. State,* (1981) Ind., 418 N.E.2d 203; *Brady v. State,* (1981) Ind., 417 N.E.2d 1108, 1109; *Menefee v. State,* (1981) Ind., 417 N.E.2d 302, 303. *See Murphy v. Indiana Parole Board,* (1979) Ind., 397 N.E.2d 259, 260.

Pursuant to Ind.R.App.P. 15(M) this appeal, *James Huff v. State of Indiana,* (1982) Ind., 440 N.E.2d 465, is ordered transferred to the docket of the Court of Appeals. *Tyler v. State,* (1945) 223 Ind. 519, 62 N.E.2d 626.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.