Dewayne **QUIRE, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 882S325.

Supreme Court of Indiana.

June 21, 1983.

Jack Quirk, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Burglary, Ind.Code § 35–43–2–1 (Burns 1979), Rape, Ind.Code § 35–42–4–1 (Burns 1979), and Robbery, Ind.Code § 35–42–5–1, and was sentenced to a total of twenty-five (25) years imprisonment.[1] This appeal presents the following issues:

(1) Whether the trial court erred in convicting and sentencing Defendant upon all three charges, inasmuch as all arose from the same incident.

(2) Whether the trial court erred in imposing consecutive sentences without mak-

ing a statement of aggravating circumstances.

\* \* \*

## ISSUE I

Defendant was charged in an information in three counts as follows:

Count I—Burglary, breaking and entering to commit Rape and Robbery

Count II—the Rape alleged in Count I

Count III—the Robbery alleged in Count I

Relying upon the doctrine of merger, he contends that the trial court erred in denying his motion to dismiss Counts II and III and in subsequently imposing sentences upon those counts. He argues that the Rape alleged in Count II and the Robbery alleged in Count III merged into Count I because they were charged as elements of the Burglary alleged in Count I. He cites *Sansom v. State,* (1977) 267 Ind. 33, 35–36, 366 N.E.2d 1171, 1172, wherein we held that the theft and automobile banditry charged were incidental to the burglary also charged and merged therein. However, *Sansom* was overruled by *Elmore v. State,* (1978) 269 Ind. 532, 539–40, 382 N.E.2d 893, 897–98. In *Elmore,* we abandoned the "transactional concept," adopted the "identity of offense" or "same evidence" rule of *Blockburger v. United States,* (1932) 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309, and held that the lesser offense of theft did not merge into the greater offense of conspiracy to commit the theft also charged.

Rape and Robbery, by their statutory definitions, are not lesser included offenses of Burglary even when they are charged as the felony the accused intended when he broke and entered. An accused may be convicted of Burglary regardless of whether he completes the felony alleged to have been intended. *Estep v. State,* (1979) Ind., 394 N.E.2d 111, 114. Moreover, we

---

1. Defendant did not receive a sentence in excess of ten years imprisonment on any one count charged in the information. Although we have no jurisdiction, Ind.R.App.P. 4(A)(7); *Huff v. State,* (1982) Ind., 440 N.E.2d 465, the

State has not raised the matter; consequently, we have exercised our inherent authority to review the case. *Richardson v. State,* (1981), Ind., 429 N.E.2d 229, 230 n. 1.

have upheld convictions and sentences upon multiple offenses, including Burglary, which arose from the same transaction. *Adams v. State,* (1979) 270 Ind. 406, 411, 386 N.E.2d 657, 661 ("Since a conviction for burglary requires proof of facts in addition to those required for convictions of armed rape, robbery and sodomy, the offenses are not the same and separate sentences were properly imposed for each."). The record discloses no error upon this issue.

## ISSUE II

 The trial court sentenced Defendant to ten (10) years imprisonment upon the Burglary charge, ten (10) years imprisonment upon the Rape charge, and five (5) years imprisonment upon the Robbery charge, sentences to run consecutively. The record contains no statement of aggravating circumstances to support the imposition of consecutive sentences as required by *Green v. State,* (1981) Ind., 421 N.E.2d 635, 637–38. Consequently, the cause is remanded to the trial court with instructions that it make and submit findings, if any, supporting the imposition of consecutive sentences, or in the alternative, sentence the defendant to concurrent terms. *Richardson v. State,* (1981) Ind., 429 N.E.2d 229, 232. In all other respects, the judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.