Thomas Abraham GREEN, Appellant,

v.

STATE of Indiana, Appellee.

No. 1179S314.

Supreme Court of Indiana.

Aug. 1, 1983.

C. Thomas Cone, Greenfield, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant was convicted of rape of a fifteen year old girl, and confinement of a sixteen year old boy. These and another conviction were affirmed on appeal, however, the court below imposed consecutive sentences of twenty years each on the rape and confinement convictions, and this Court remanded to the trial court for a more specific and individualized statement of reasons for the imposition of consecutive sentences. *Green v. State,* (1981) Ind., 421 N.E.2d 635; *Green v. State,* (1981) Ind., 424 N.E.2d 1014.

■ Upon remand, the trial judge stated his reasons within the criteria set forth in the sentencing statute. Ind.Code § 35–50–1A–7(c) 2, 3, 4, and 6. Appellant was forty years old at the time of sentencing. The statement now sets out misdemeanor convictions of disorderly conduct, assault and battery, and failure to stop after an accident and an arrest for assault. These events occurred fifteen, eight, seven and one-half and two years before the present offenses. These adult matters were preceded by serious delinquent acts resulting in commitments to the Ohio Boys School and the Ohio State Reformatory. Appellant contends that none of these were recent, none were felonies, the penalties on each were served in full, and they therefore cannot serve as an aggravating circumstance. We do not agree. The purpose of examining an individual's history of criminal activity is to determine the character of the offender. These prior skirmishes with the law fairly reflect persistent aspects of his character.

The statement of reasons also includes specific reference to the continuous nature

of events comprising appellant's history of criminal activity, the use of a deadly weapon to threaten bodily harm, and the age of the victims. Contrary to appellant's assertions, these reasons are supported in the record and fairly reflect appellant's character and the character of the offenses underlying these most recent convictions.

The trial court ended the statement of reasons by further finding that there were no facts in evidence which would fall within the mitigating categories of the statute. Appellant complains in this appeal, that this finding is contrary to statements made by the judge at the sentencing hearing, that appellant had led a "fairly law abiding life" and that there was a likelihood he would respond affirmatively to probation. These and like statements by the judge are formative, and subject to modification upon further reflection. As such, they are properly to be regarded as part of the overall, ongoing, and spasmodic process of selecting and evaluating aggravating and mitigating circumstances. The consideration of possible mitigating circumstances and the weight they should carry is a highly discretionary matter. *Bergdorff v. State,* (1980) Ind.App., 405 N.E.2d 550. So properly viewed, the statements complained of here do not rob the court's final conclusion of its reasonableness.

We find that the statement of reasons in response to our remand order is sufficiently specific to satisfy the requirement of the sentencing statute. Based thereon, we are unable to say that no reasonable person could find the order for consecutive sentences to be appropriate. The consecutive sentence order is therefore not manifestly unreasonable.

The sentence is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.