Don **HURLEY**, Appellant
(Defendant Below),

v.

**STATE** of Indiana, Appellee
(Plaintiff Below).

No. 20A04–9001–CR–31.

Court of Appeals of Indiana,
Fourth District.

Sept. 25, 1990.

R. Brent Zook, Goshen, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Amy Schaeffer Good, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

CHEZEM, Judge.

### Case Summary

Defendant/Appellant, Don Hurley, appeals his conviction for Child Molesting, a class B felony. We affirm.

### Issues

I. Whether a finger is an "object" under the statutory definition of deviate sexual conduct (Ind.Code 35–41–1–9).

II. Whether the evidence is sufficient to sustain Defendant's conviction.

### Facts

A.H. testified that she was home alone with her grandfather, the Defendant, when he inserted his finger into her "po-po." She further testified the incident made her feel sad, and it burned when she went to the bathroom. On an anatomically correct, female doll, A.H. pointed to the genital area as being the "po-po." Dr. Sutter, A.H.'s examining physician, testified that when asked to point out where on A.H.'s body this incident had occurred, A.H. pointed to her vagina and stated that the finger was also placed where her 'poo-poo' comes out. A.H. also told her that Grandpa Don had asked her to suck his "wing wing." Upon examination, Dr. Sutter found a small scar located at the posterior fourchet or posterior wall of the vaginal opening;

she testified that this injury was consistent with "placing something that was larger than what the vaginal opening could accomodate and therefore tearing of the tissue."

On April 7, 1989, Defendant was charged by information with child molesting. Defendant provided the following statement, in part, to the Elkhart City Police:

> I am presently at the Elkhart Police Dept. talking with Det. Endler about my Grand daughter [sic]. My granddaughter [A.H.] is 5 years old and I would like to talk about something that I did to [A.H.]. I have given her 3 or 4 baths while she was in my care. I would wash her all over including between her legs. I would wash her and it is very possible that I put my finger inside her by accident because she would say Grand pa [sic] that hurts when I was doing it to her. I would tell her that she has to be clean so I would wash her good. This happened every time I gave her a bath. This is a true and complete statement to the best of my knowledge.

Following a jury trial, Defendant was found guilty as charged.

### Discussion and Decision

#### I

■ Defendant was charged with child molesting in that he performed an act of criminal deviate conduct by inserting his finger into the vagina of four year old A.H. IC 35–42–4–3(a) provides that "[a] person who, with a child under twelve (12) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a class B felony." "Deviate sexual conduct" is defined as, inter alia, "[t]he penetration of the sex organ or anus of a person by an object." IC 35–41–1–9.

Defendant contends "a finger is not legally an object for purposes of the child molesting statute", and the trial court erred by instructing the jury that "the law holds that a finger is an object."[1]

---

**1.** Instruction number 4 reads as follows:

The statute defining the offense of child molesting which was in force at the time of the offense charged reads in material part as follows: "A person who, with a child under 12 years of age, performs or submits to sexual intercourse or deviate sexual conduct, commits child molesting, a class B felony." The statute

Defendant specifically contends that a finger cannot be considered an "object" as that word is commonly known. This contention is without merit.

This issue has been addressed by the Indiana Supreme Court in *Stewart v. State* (1990), Ind., 555 N.E.2d 121, 126. There, the Court stated in part:

> ... [I]t is unlikely that the Legislature would criminalize sexual assaults committed by means of sex organ, mouth, or inanimate object, yet condone such assaults if committed by means of a finger or hand. An unconsented to intrusion by whatever instrumentality chosen by the perpetrator to employ, whether animate or inanimate, is prohibited by the statute.

*See also, Harwood v. State* (1990), Ind. App., 555 N.E.2d 513, 515.

The trial court properly instructed the jury that a finger is an object for purposes of deviate sexual conduct under the child molesting statute.

## II

 Defendant argues that "penetration of the victim's sex organ, as charged by the information, was not shown by any substantial evidence."

It is axiomatic that when asked to review a claim of insufficient evidence, we will neither reweigh the evidence nor judge the credibility of the witnesses. We will consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom. When there is substantial evidence of probative value to support the conviction, the finding of the trier of fact will not be disturbed. *Miller v. State* (1989), Ind., 544 N.E.2d 141, 143.

A conviction for child molesting may be sustained upon the uncorroborated testimony of the child victim. *Maynard v. State* (1987), Ind., 513 N.E.2d 641.

A.H. clearly identified Defendant as the person who penetrated her vagina with his finger. Her testimony is corroborated by also states that deviate sexual conduct includes the penetration of the sex organ of a person by an object. The law holds that a finger is an object.

the testimony of both Dr. Sutter and Elkhart City Police Sergeant DeWitt. Moreover, Defendant admitted in his statement to the police and at trial that it was "very possible that [he] put [his] finger inside [A.H.]" when he bathed her, but claimed that it was an accident.

"Inferences may reasonably be drawn from the facts established which support the finding of guilt." *Miller* at 143 (citing *McCann v. State* (1984), Ind., 466 N.E.2d 421, 423). Conflicts in the evidence are resolved by the jury, and it is the jury that decides whom to believe. *Galloway v. State* (1988), Ind., 529 N.E.2d 325, 327.

Defendant's conviction is clearly supported by sufficient evidence. Affirmed.

CONOVER and SULLIVAN, JJ., concur.