## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 22 2020, 9:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Nancy A. McCaslin
McCaslin & McCaslin
Elkhart, Indiana

ATTORNEY FOR APPELLEE

Myriam Serrano
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| M.A.,<br>*Appellant-Respondent,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Petitioner.* | May 22, 2020<br><br>Court of Appeals Case No.<br>19A-JV-2836<br><br>Appeal from the Elkhart Circuit Court<br><br>The Honorable Michael A. Christofeno, Judge<br><br>The Honorable Deborah Domine, Magistrate<br><br>Trial Court Cause No.<br>20C01-1908-JD-252 |

**Sharpnack, Senior Judge.**

# Statement of the Case

[1] M.A. appeals the juvenile court's determination adjudicating her a juvenile delinquent. We affirm.

# Issue

[2] The sole issue in this appeal is whether the State's evidence was sufficient to support the determination that M.A. committed the offense of child molesting, a Level 3 felony[1] if committed by an adult.

# Facts and Procedural History

[3] In March 2019, twelve-year-old M.A. lived with her mother and brothers next door to eight-year-old J.H.; her eleven-year-old sister, A.H.; and their mother. The three girls had been playing together one evening and asked if M.A. could stay overnight with J.H. and A.H. J.H. and A.H. put their mattresses together on the floor, and the girls all slept there together with J.H. on one side, M.A. in the middle, and A.H. on the side by the wall.

[4] Before going to sleep, M.A. kissed A.H. and then turned and kissed J.H. on the lips. M.A. then put her finger inside J.H.'s vagina. J.H. moved M.A.'s hand and told her to stop. J.H. then went to sleep in her mother's room.

---

[1] Ind. Code § 35-42-4-3 (2015).

[5] In the morning, J.H. told her mother what had happened the night before. J.H.'s mother gathered together the three girls and M.A.'s mother and they all discussed what had happened. M.A. denied the incident. J.H.'s mother decided not to report the incident right away, but soon thereafter J.H. told her therapist about the incident, and the therapist reported the incident to the authorities.

[6] In August, the State filed a delinquency petition alleging these acts by M.A., and the court held an evidentiary hearing on November 1. The court determined that M.A. is a delinquent child and ordered M.A. to have no intentional conduct with J.H., to be placed on probation supervision, and to complete a psychosexual assessment. M.A. now appeals.

# Discussion and Decision

[7] When reviewing on appeal the sufficiency of the evidence supporting a juvenile adjudication, we neither reweigh the evidence nor judge the credibility of the witnesses. *Z.A. v. State*, 13 N.E.3d 438, 439 (Ind. Ct. App. 2014). We consider only the evidence most favorable to the judgment and the reasonable inferences therefrom, and we will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. *C.L. v. State*, 2 N.E.3d 798, 800 (Ind. Ct. App. 2014).

[8] To sustain a true finding that M.A. committed an act that would constitute Level 3 felony child molesting if committed by an adult, the State was required to prove beyond a reasonable doubt that M.A., with a child under fourteen

years of age (J.H.), knowingly or intentionally performed or submitted to sexual intercourse or other sexual conduct. Ind. Code § 35-42-4-3(a); Appellant's App. Vol. II, p. 9. Section 35-31.5-2-221.5 (2) (2014) defines the phrase "other sexual conduct" as the penetration of the sex organ of a person by an object. Under this statute, a finger qualifies as an "object." *See Hurley v. State*, 560 N.E.2d 67, 69 (Ind. Ct. App. 1990) (holding that, under prior version of Section 35-31.5-2-221.5, defendant's finger qualified as "object").

[9] M.A. contends the State was also required to prove that her act was accompanied by the specific intent to arouse or satisfy sexual desires. Appellant's Br. p. 11. M.A. is mistaken. Indiana Code section 35-42-4-3(b) requires the State to prove that a person, with a child under fourteen years of age, performs or submits to any fondling or touching, of either the child or the older person, with the intent to arouse or to satisfy the sexual desires of either the child or the older person. However, as we set out in the previous paragraph, M.A. was charged pursuant to Section 35-42-4-3(a). Subsection (a) does not require any showing of an intent to arouse or satisfy sexual desires.

[10] Turning to the evidence presented at the fact-finding hearing, we note that J.H. testified that M.A. "kissed me on my mouth." Tr. Vol. II, p. 40. J.H. also testified that M.A. "kept touching me inappropriately." *Id.* The prosecuting attorney asked J.H. to explain what she meant by that, and she testified that M.A. "took her finger and she went inside me." *Id.* at 41. J.H. further clarified that M.A. put her finger in J.H.'s "birdie," which J.H. had previously testified

is what she calls "the front part" of her body where she pees, and that "[i]t hurt." *Id.* at 41, 33, 42.

[11] In her brief, M.A. suggests this Court should reweigh the evidence and assess the credibility of the witnesses because J.H.'s testimony is (1) uncorroborated, (2) incredibly dubious, and (3) contradicted by the testimony of other witnesses.

[12] First, we reiterate the well-settled rule that when we review the sufficiency of the evidence, we are prohibited from reweighing the evidence and judging the credibility of the witnesses. *Z.A.*, 13 N.E.3d at 439. Here, J.H.'s testimony was unambiguous, and a determination of juvenile delinquency may be supported by only the uncorroborated testimony of a victim. *D.P. v. State*, 80 N.E.3d 913, 915 (Ind. Ct. App. 2017).

[13] Next, the incredible dubiosity rule applies only when the witness' testimony is inherently contradictory, meaning that she contradicts herself in a single statement or while testifying. *Glenn v. State*, 884 N.E.2d 347, 356 (Ind. Ct. App. 2008), *trans. denied*. J.H.'s testimony was not incredibly dubious; rather, the eight-year-old testified unequivocally that M.A. kissed her on the lips and put her finger in J.H.'s vagina.

[14] Finally, M.A. points to contradictions in the testimony of the State's witnesses. She points to the fact that although J.H. testified M.A. kissed her on the lips, M.A. testified she kissed A.H. on the forehead and kissed J.H. on the cheek, and A.H. testified no kissing occurred. M.A. also asserts the girls testified inconsistently about their wrestling and their game of truth or dare. The court

specifically stated in its order that "[J.H.] is a third grader. She was clear and unwavering in her testimony" and that "[a] decision in this case comes down to credibility and [J.H.] was a credible witness." Appealed Order, pp. 2, 3. "By contrast, even acknowledging that [M.A.] is only twelve and a child too, her testimony was not credible." *Id.* at 3. Any conflicts in the testimony were for the juvenile court to resolve, and it did so in favor of believing J.H. *See K.D. v. State*, 754 N.E.2d 36, 39 (Ind. Ct. App. 2001) (stating it is function of trier of fact to resolve conflicts in testimony, determine weight of evidence, and assess credibility of witnesses).

# Conclusion

For the foregoing reasons, we conclude the State presented sufficient evidence to establish that M.A. committed an act that, if she were an adult, would constitute child molesting, a Level 3 felony.

Affirmed.

Vaidik, J., and Altice, J., concur.