Charles C. CAVENDISH, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 385S88.

Supreme Court of Indiana.

Aug. 6, 1986.

J. Lynn Boese, William C. Erbecker, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Charles Cavendish was convicted after trial by jury of two counts of attempting to receive stolen property, food stamp coupons, Ind.Code §§ 35-41-5-1, 35-43-4-2 (Burns 1985 Repl.), class D felonies, and four counts of dealing in controlled substances, secobarbital, methamphetamine, and amphetamine, Ind.Code § 35-

48–4–2 (Burns 1985 Repl.), class B felonies. He was sentenced to two-year terms of imprisonment for the class D felonies and to four terms of 10 years each for the class B felonies, all to be served concurrently. Additionally, Cavendish was found to be a habitual offender. In this direct appeal he raises the following issues:

1. Whether the evidence was sufficient to sustain the convictions;

2. Whether the court committed reversible error when it failed to reread the final instructions to the jury after it announced it was deadlocked;

3. Whether during the habitual offender proceedings the court erred by admitting State's exhibits over objections that they were improperly certified and authenticated; and,

4. Whether the trial court erred in instructing the jury that Cavendish's prior conviction in Tennessee was for a felony, thus relieving the State of the burden of proving that fact.

We affirm the convictions on the six instant felonies but remand for a new trial on the habitual offender charge.

## I. Sufficiency of the Evidence

█ Cavendish claims the evidence was insufficient to convict him of two counts of attempting to receive stolen food stamps and of four counts of distributing controlled substances. The State's chief witness, federal agent Dwight Rapp, testified about each transaction and positively identified Cavendish as the individual with whom he dealt. Rapp stated that he twice sold food stamp coupons to Cavendish after having represented to him that his "old lady" had stolen them from the Department of Agriculture. Cavendish asked Rapp if he was interested in some "good dope", and on four occasions he sold Rapp amphetamines, methamphetamines, and secobarbital. Laboratory analysis confirmed that the sales were of controlled substances. The jury heard tape recordings of three of the transactions. One was not recorded because Rapp had learned

from an informant that Cavendish planned to search him for a transmitter.

Appellant's specific argument is that Rapp mistakenly identified him. Cavendish claims he was out of the state when the transactions occurred. He argues further that the evidence is insufficient because Rapp's testimony was uncorroborated and because certain portions of the tape recordings were inaudible.

Appellant's argument is simply a request that this Court reweigh the evidence, which we will not. Herrod v. State (1986), Ind., 491 N.E.2d 538. Herrod was convicted of delivery of heroin solely on the testimony of an undercover officer, and she challenged the sufficiency of the evidence on the same basis as Cavendish. We rejected her argument, noting a fundamental rule of appellate review: we will not overturn reasonable jury determinations of the weight and credibility of the evidence. As the trier of fact, the jury was entitled to credit Rapp's testimony over that offered by Cavendish. Robinson v. State (1985), Ind., 486 N.E.2d 986. The evidence was sufficient to sustain the convictions.

## II. Instructions to Deadlocked Jury

█ The jury deliberated for two and one-half hours before its foreman advised the court it had been unable to reach a verdict. The court ordered the jury to continue its deliberations, and it returned one hour later with its guilty verdicts. Cavendish claims the court committed reversible error because it ordered the jury to return to deliberations without rereading the final instructions.

Cavendish is correct that the proper procedure when a jury is deadlocked and is ordered to continue deliberations is for the court to reread the instructions in full. Lewis v. State (1981), Ind., 424 N.E.2d 107. The purpose of the procedure recommended in Lewis is to avoid the mischief sometimes caused by a court which, instead of simply recharging the deadlocked jury, instructs it in a way which unfairly influences the deliberative process. Lowry v. State (1982), Ind., 440 N.E.2d 1123.

Here, however, it does not appear that anything in the court's response to the jury could have influenced its deliberations; the court simply ordered the jury to continue. Cavendish was not harmed. *Id.*

### III. Certification and Authentication of Documents During Habitual Phase

■ After the jury returned its guilty verdicts, the State set out to prove that Cavendish had two prior unrelated felony convictions and, thus, was a habitual offender. Cavendish claims the court erred in allowing into evidence State's exhibits which purported to show that Cavendish had been convicted in Tennessee of possession of burglar tools. The documents used to establish this conviction were certified by the following sworn statement from the court clerk in Tennessee:

I, Betty Carter Justis, Criminal, Circuit, Court Clerk of Greene County, Tennessee, in aforesaid State and County, do hereby certify that the foregoing pages, contain a full, true and correct copy and exemplification of the record of the cause, State of Tennessee v. Charles Clayton Cavendish, No. 4256 as appears of record in said Court.

Cavendish's contention is two-fold. First, he argues that the evidence of the Tennessee conviction should not have been admitted because the certification refers to "foregoing" pages whereas in fact the pages *followed* the certification. The trial court ruled that this discrepancy was an understandable mechanical error and would not preclude admission of the documents. We agree that the authenticity of the documents was not placed into question by virtue of the fact that the certification was stapled atop the certified documents.

■ Second, Cavendish argues the evidence of the conviction should not have been admitted because the certification refers to Cause No. 4256, whereas the document entitled "Waiver of Jury Trial, Plea of Guilty and Submission of the Case" refers to No. 4257, as does the "Verdict, Judgment and Sentence." In admitting the exhibits, the court ruled that the discrepan-

cy was a typographical error. We note that the "Presentence Indictment" is labelled "Case No. 4256–57," and indicated that Cavendish had a co-defendant, which explains the double cause number. Yet, all the documents tending to prove the fact of the conviction leave no doubt that they apply to Cavendish, not to the co-defendant. Thus, we find the court did not abuse its discretion in admitting the documents. The discrepancies in the cause numbers went to the weight of the evidence and were within the jury's province to resolve. *Barger v. State* (1984), Ind., 466 N.E.2d 725.

### IV. Proof of Felony Conviction

Cavendish claims that the State failed to prove his Tennessee conviction was for a felony. For the purposes of our recidivist statute, a felony is any crime for which the sentence could be more than one year imprisonment. Ind.Code § 35–50–2–1 (Burns 1985 Repl.). The State's exhibits revealed that Cavendish was sentenced to 11 months and 29 days for the Tennessee conviction. No proof was submitted that the sentence could have been longer. Nevertheless, the trial court instructed the jury the conviction was for a felony. Cavendish claims it was the State's burden to prove the Tennessee conviction was for a felony and that, the court erred in relieving the State of that burden with its instruction.

This author regards the provisions of Ind.Code § 35–50–2–8 (Burns 1985 Repl.) as indicating a legislative intent that all the elements of a recidivist charge, including the felony status of prior convictions, be submitted for determination by the trier of fact. *Shelton v. State* (1986), Ind., 490 N.E.2d 738. Nevertheless, in the past this Court has concluded that no error occurs when the trial court relieves the State of the burden of proving a prior conviction was for a felony. *Seward v. State* (1983), Ind., 453 N.E.2d 256.

The case at bar illustrates the potential danger of this rule. The record in this case reveals that the court's decision to instruct the jury as it did was erroneously based

upon the fact that the Tennessee indictment stated that Cavendish "feloniously" possessed burglar tools. This is not the test by which Indiana determines whether an earlier judgment was a felony conviction. Ind.Code § 35–50–2–1 (Burns 1985 Repl.).

■ The court erred in instructing the jury that the prior conviction was for a felony when proof of that fact was not before the court. It is true that at the sentencing hearing the court stated it had referred to the Tennessee statutes; however, unlike the record in *Shelton,* this record is completely devoid of statutory citations, let alone their substance.

If it is proper for the court to instruct the jury in a habitual hearing that a prior judgment is a felony conviction, the court's duty is to guide the proceedings with instructions based not on misapprehensions of the definition of a felony but on a proper determination of law substantiated in the record.

The determination that Cavendish is a habitual offender is set aside and remanded for a new trial.

### New Evidence

Cavendish has included in his supplemental brief a photocopy of a letter purportedly from a U.S. Attorney in Tennessee stating that the Tennessee cause of action was dismissed. If indeed Cavendish was not convicted as the State's documents tended to show and as the jury determined, he may present this new evidence during the new proceeding on the habitual offender count.

The six felony convictions are affirmed. The determination that Cavendish is a habitual offender is reversed and remanded for proceedings consistent with this opinion.

GIVAN, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs except with respect to issue IV. He would affirm the trial court in all respects.