**Steven STEELE, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 49S00–8612–CR–1031.

Supreme Court of Indiana.

Feb. 6, 1989.

Reginald B. Bishop, Roberts & Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of two counts of Robbery and two counts of Confinement, each a Class B felony. Appellant received a fifteen (15) year sentence on each conviction. On Count III, Armed Robbery of Teresa Richmond, the sentence was enhanced by thirty (30) years by reason of his status as an habitual offender, all sentences to run concurrently.

The facts are: At approximately 2:15 a.m. on March 29, 1986, Lowell's Food Store manager George Emery was working in the store located on Shelby Street in Indianapolis when he observed three males enter the store. They were acting in a boisterous manner as they walked through the aisles and around the cash register area. When they left, Emery went outside and looked at their vehicle and their license plate. He then returned to the store to call the police. The driver of the vehicle got out and came back inside the store wielding a knife. He confronted Emery and swung the knife at him. He then ran from the store, reentered the vehicle, and drove off. Emery identified appellant as one of those accompanying his assailant.

Approximately half an hour later, appellant and another man entered the Marsh Supermarket located at Hanna and Shelby Street in Indianapolis, walked around the store, then on three separate occasions met in a breezeway at the front of the store and talked. After their last meeting, they returned inside the store and the one later identified as Michael Steele got a carton of ice cream and stood at the cash register as though to pay for it. Appellant positioned himself behind the checkout man Tony Casada. When Casada opened the cash drawer to get change, Michael Steele thrust a knife at Casada's throat and pulled his head back in a headlock. Appellant grabbed the money from the cash drawer. Michael Steele then shoved Casada, and both men ran to their vehicle where a third person was waiting. Both Casada and night manager Ralph Carroll identified appellant as one of the robbers.

Later that same morning at approximately 4:38, Teresa Richmond was alone in the Village Pantry on East Washington Street where she worked. Michael Steele and appellant entered the store. Michael Steele jumped over the counter, threw Richmond to the floor, and sat on top of her. After a short period, she was released. When she got to her feet, she realized the money had been taken from the cash register and her purse was gone.

Indianapolis Police Officer Donald Enyart was patrolling the streets looking for a vehicle which had first been described to him pursuant to a dispatch of the assault of the Lowell's Food Store manager. A vehicle matching that description was reported in a later dispatch regarding the robbery at the Marsh Supermarket. At 5:02 a.m., Officer Enyart spotted the tan station wagon with wood panels and attempted to stop it. However, a chase ensued, and the station wagon halted only when it crashed in an alley off of Southeastern Avenue. The driver of the vehicle fled, but Enyart arrested Michael Steele at the scene. Miss Richmond's purse was found on the floorboard of the vehicle. Knives also were found in the car.

Appellant claims the trial court erred in precluding him from informing the jury that five of the original nine counts with which he was charged were dismissed by the State. The five dismissed counts alleged similar occurrences within the time frame of the crimes of which appellant stands convicted. The State gave as its reason for dismissing those five counts an inability to make positive identification of the perpetrators. Appellant takes the position that he should have been permitted to inform the jury of the dismissal, as the State's original allegation of nine crimes within a single evening would demonstrate the unlikelihood of the credibility of the State's evidence and therefore would be exculpatory.

Although we cannot agree with appellant's conclusion in this regard, we would

point out that during the trial appellant made an offer of proof concerning the inability of some witnesses connected with the offenses which were dismissed to make a positive identification of him during pre-trial line-up. The trial court granted appellant's request to inquire of Officer Rynard whether some people who had viewed a line-up were unable to identify appellant. Officer Rynard verified that such was the true situation. Therefore the evidence which appellant claims the trial court erred in excluding was in fact presented to the jury. Appellant is not entitled to a reversal unless he can demonstrate that he was prejudiced by the ruling of the trial court. *Badelle v. State* (1982), Ind., 434 N.E.2d 872. We find no reversible error on this issue.

■ Appellant contends the trial court erred in denying his motion to dismiss the habitual offender charge filed on the day of trial and after the jury had been sworn. This Court has repeatedly held that the allegation that a defendant is an habitual offender is not a separate criminal charge but is an allegation of a status; thus the court may permit the State to amend an information to allege habitual offender status on the day the trial commences. *Radford v. State* (1984), Ind., 468 N.E.2d 219. As stated in *Radford*, appellant's remedy in such a situation is to ask for a continuance in order to prepare to meet the allegation of habitual offender. Appellant did not so move in this case. There is no indication in this record that appellant was unable to respond to the late filing of the habitual offender charge.

■ Appellant claims the trial court erred in admitting State's Exhibit No. 29 during the habitual offender phase of the trial in that the exhibit made reference to a charge of escape of which appellant was never convicted. The exhibit was introduced by the State to demonstrate that appellant previously had been convicted and incarcerated on a charge of theft. The exhibit consisted of several pages certified by the Department of Correction containing a commitment order, fingerprints, and a photograph of appellant. On the fifth page of the exhibit, the commitment order indicated that in addition to the theft charge upon which appellant stood committed, he had also been charged with an escape.

Prior to the admission of State's Exhibit 29, State's Exhibit No. 20, a docket entry on the same charge, had been admitted into evidence without objection and it too referred to the unprosecuted escape charge. Even if we would assume for the sake of argument that it was error to admit evidence of the escape charge as mentioned in Exhibit 29, such error is not prejudicial if similar evidence has been admitted without objection. *Boyd v. State* (1986), Ind., 494 N.E.2d 284, *cert denied*, 479 U.S. 1046, 107 S.Ct. 910, 93 L.Ed.2d 860. We would further observe that a mention of the escape charge was incidental and one would have to presume its effect was minuscule compared to that of the proper evidence which was introduced concerning appellant's criminal record. We see no reversible error in this issue.

■ Appellant contends there is insufficient evidence to support the convictions of robbery and confinement. We see no merit in this contention. The evidence clearly demonstrates that one of two robbers held a knife to Tony Casada's throat while holding him by his hair, and the other robber took money from the cash register while Casada was being so restrained. In the second robbery, one of the robbers knocked Teresa Richmond to the floor and sat on her while the other robber removed cash from the register and took Richmond's purse. In both robberies, appellant was positively identified as one of the perpetrators. There is ample evidence in this record to support the jury's verdict of robbery and confinement of Tony Casada and robbery and confinement of Teresa Richmond.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.