Sam S. MILLER, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8809–CR–821.

Supreme Court of Indiana.

Sept. 25, 1989.

Kenneth T. Roberts, Kevin L. Scionti, Roberts & Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, William E. Dailey, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant Sam S. Miller appeals his convictions for Burglary, a Class B felony, Theft, a Class D felony, and Resisting Law Enforcement, a Class A misdemeanor, following a jury trial in the Marion Superior Court Criminal Division VI.

The only issue raised in this direct appeal is sufficiency of the evidence to sustain the verdicts.

On August 21, 1987, Officer Randy Nave, a seven-year veteran of the Indianapolis Police Department, received a "radio run" of a residence burglary at 5401 North Illinois Street on a silent alarm. The officer was approximately thirty seconds from the location and as he approached the residence he noticed the south side screen door was ajar. That door was secured and furniture was in front of it. The officer checked the other doors and upon hearing a sound, walked around the residence and saw a black male running from the residence. The officer testified he identified himself and ordered the suspect to halt but the suspect looked over his left shoulder at the officer and continued to run. Nave then broadcast a brief description of the suspect and later identified Miller in open court as the person who had run from the residence.

Officer Tim Butler testified he heard the radio broadcast of a suspect fleeing and observed a person matching the description of the fleeing suspect two blocks north of the burglarized residence. As he drove up, the subject commenced running and removed his shirt. The officer chased the suspect on foot and caught him when he got tangled in some brush. Butler identified Miller as the subject he pursued and apprehended. Jewelry was taken from Miller upon his arrest. Nave noticed pry marks on the french doors and that the brass on a door had been broken off. Several things inside the house had been disturbed.

Officer Jerry Fields, a twenty-two year veteran of the Indianapolis Police Department, heard the radio broadcast and went to the scene of the arrest where he observed the suspect and placed him in a

paddy wagon. Officer Fields later searched the paddy wagon and found a gem on the floor.

Officer Ernest Hann testified he drove the paddy wagon on August 21, 1987, and stepped on a gold ring missing its stone and found a jewelry box and jewelry which were in obscure parts of the paddy wagon.

Robert Anfield, the owner of the burglarized residence, identified the jewelry found in the paddy wagon to be his and also identified gold chains retrieved from Miller as items that were taken during the burglary. Owner Sherry Anfield testified she was out of town on August 21, 1987, checked the property after the break-in, discovered her diamond ring and gold chains were missing and that she did not know Miller nor give him permission to enter her home and take her property.

In his claim of insufficiency, Appellant Miller argues there is no evidence he entered the Anfield residence nor that he was ever in the residence. Further, he claims there is no evidence he knew the jewelry in his possession was stolen. He claims the most the evidence shows is that he was near the residence, that he did flee from it, and that he had the jewelry in his possession so that the most he could be guilty of would be receiving stolen property and he was not charged with that.

Miller concedes that a review of the issue of sufficiency of evidence is governed by a well-settled standard and scope of review. This Court does not reweigh the evidence nor judge the credibility of witnesses and will consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom. When there is substantial evidence of probative value to support the conviction, the finding of the trier of fact will not be disturbed. *Daniel v. State* (1988), Ind., 526 N.E.2d 1157, 1161. Inferences may reasonably be drawn from the facts established which support the finding of guilt. *McCann v. State* (1984), Ind., 466 N.E.2d 421, 423. A burglary or theft conviction may be sustained by circumstantial evidence alone. *Ward v. State* (1982), Ind., 439 N.E.2d 156, 159. Unexplained posses-

sion of recently stolen property will support an inference of guilt of theft of that property. *Steele v. State* (1985), Ind., 475 N.E.2d 1149, 1154; *Ward, supra.* Finally, evidence of flight may be considered as circumstantial evidence of a consciousness of guilt. *Jones v. State* (1985), Ind., 485 N.E.2d 627, 628; *Richardson v. State* (1985), Ind., 481 N.E.2d 1310, 1314. The evidence shows Miller was identified by Officer Nave as a person running from a residence that had been forcefully entered and from which property of the owner had been removed. Miller was apprehended about two blocks from the home, again attempted to flee and was in possession of property stolen from the home. These facts, and inferences to be drawn from them, support the convictions beyond a reasonable doubt.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.