**STATE of Indiana, Appellant–Plaintiff,**

v.

**Larry LOVE, Appellee–Defendant.**

**No. 49A02–9012–CR–740.**

Court of Appeals of Indiana,
Second District.

Aug. 19, 1991.

Rehearing Denied Sept. 16, 1991.

Linley E. Pearson, Atty. Gen., Julie L. Ezell, Deputy Atty. Gen., Indianapolis, for appellant-plaintiff.

S. Sargent Visher, Choate Visher & Haith, Indianapolis, for appellee-defendant.

SHIELDS, Judge.

On August 24, 1990 the trial court granted Larry Love's motion to discharge the criminal proceedings against him based upon a violation of Love's request for a speedy trial. The State of Indiana appeals the discharge.

We affirm.

### ISSUES

1. Whether this court has jurisdiction of the State's appeal.

2. Whether the trial court erred in granting Love's motion for discharge.

### FACTS

On July 26, 1989 Larry Love was arrested in Chicago, Illinois on charges stemming from criminal activity that occurred on July 4, 1989 in Indianapolis. Love remained in Chicago until he was extradited to Indiana. At Love's initial hearing on October 16, 1989 Love entered a plea of not guilty and requested a speedy trial. The court appointed a public defender to represent Love and set a trial date of December 20, 1989.[1]

On November 30, 1989 Love's appointed counsel resigned his position as public defender and withdrew his representation of Love. The trial court appointed a second public defender, Kurt Young, on December 11, 1989. At a December 12 pretrial hearing Young expressed his doubts about his ability to be prepared for trial on December 20 and Love's desire to proceed to trial on that date. The hearing was continued to December 18. At this hearing Young advised, "I do not feel as of today that I am [prepared to go to trial]. I have yet to speak with the victim in this case. The State apparently has three potential civilian witnesses and I have not spoken with any

---

1. Under the 70 day rule of Ind.Crim.Rule 4(B)(1) the State had until December 26, 1989 to bring Love to trial.

of them, nor have I visited the scene." Record at 110–11. Love stated he wanted to proceed to trial and said he believed his counsel could be ready for trial in two days. The court rescheduled the trial for January 8, 1990—a date outside the 70 day period required under Ind.Crim.Rule 4(B)(1).[2]

On December 19, 1989 Young filed a motion to withdraw as Love's attorney stating that Love had expressed an "extreme lack of confidence" in Young's abilities. Record at 21. The motion was granted and a third attorney was appointed that same day. However, this attorney withdrew on December 21 because he was acquainted with the victim of the alleged criminal activity. A fourth attorney, Marcel Pratt, was appointed to represent Love on December 21. On December 22 Pratt filed a motion to continue the January 8, 1990 trial date asserting he "had not had adequate time" to prepare Love's defense. Record at 28. The court granted Pratt's motion and set a pretrial date of January 16, 1990. On January 16, 1990 a trial date of March 14, 1990 was set. However, Love's trial was postponed over the next several months for a variety of reasons.[3] Throughout this time Love made various motions for discharge which were denied. However, on August 24, 1990 the trial court granted the motion for discharge made a few days earlier by Love's fifth appointed counsel because, according to the trial court, neither Love nor his counsel requested a continuance at the December 18, 1989 pretrial conference/hearing; instead, Love actually had stated he could be ready for trial on December 20.

**2.** Ind.Crim.Rule 4(B)(1) provides:

> If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such a motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar. Provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as set forth in subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time.

**3.** The March 14 trial date was continued on the State's motion based upon an absent witness. Had the March 14th date been reasonable, the trial court could have considered the absent witness as an emergency such that the defendant would not have been entitled to discharge based upon that delay assuming, of course, the trial was held within a reasonable time.

## DISCUSSION

### I.

■ Love argues this court does not have jurisdiction of the State's appeal based upon the State's statement, following the trial court's ruling, that "the State would like to reserve the question of law for purposes of appealing that ruling." Record at 393. IC 35–38–4–2 (1988) specifies the rulings which the State may appeal. One such ruling is a discharge order. IC 35–38–4–2(2). The nature of the ruling, not its characterization by the State, determines whether this court has jurisdiction. In this situation, we do.

### II.

The State claims the trial court erred in granting Love's motion for discharge.

### A.

■ The State argues the withdrawal of Love's first appointed counsel and his second appointed counsel's lack of preparedness constitutes an emergency within the meaning of Crim.R. 4(B)(1) for the delay in Love's trial. The trial court properly exercised its discretion in determining that an emergency existed in that Love's interests were better served by having a prepared counsel than by having a trial within the strict 70 day limits when the delay was minimal—from December 20, 1989 to January 8, 1990. Thus the trial court did not err in determining the lack of preparation time for Love's counsel constituted an emergency and based upon that emergen-

cy, resetting the trial date within a reasonable time.

### B.

■ The State also argues Love's dissatisfaction with his second appointed counsel, Young, caused Young to withdraw from the case and resulted in Pratt's motion, filed December 22, 1989, to continue the January 8, 1990 trial. According to the State, that delay is attributable to Love and extended the time within which Love could be brought to trial.

■ Love claims his dissatisfaction with Young stemmed from Young's failure to resist the court's decision of December 18, 1989 to continue his trial to January 8, 1990 over Love's objection. Love argues the delay occasioned by the appointment of new counsel as a result of Young's withdrawal is not attributable to him under the holding in *Young v. State* (1988), Ind., 521 N.E.2d 671.[4]

■ In general, a defendant is charged with any delay resulting from a defense request for a continuance, including action taken unilaterally by the defendant's attorney. *Andrews v. State* (1982), Ind., 441 N.E.2d 194, 199. Here, however, the action of Love's attorney Pratt in requesting a continuance is not attributable to Love. Attorney Young sought to withdraw as Love's counsel due to a disagreement over Love's insistence he be tried on December 20. The court apparently concluded the estrangement between attorney and client was reasonable and sincere because it granted the motion. The continuance occasioned by the appointment of new counsel and granted by the trial court to protect Love's interest in having effective counsel is not chargeable to Love or to the State. Instead, it is an emergency continuation occasioned by the withdrawal of Love's original counsel. Therefore, the State still had a reasonable time within which to try Love from and after January 8, 1990 which, however, it did not do. The court did not set a new trial date until January 16, and then the Court set the trial date for March 14, 1990, an unreasonable delay for a trial under a C.R. 4(B)(1) speedy trial mandate.[5] Hence, the trial court erred in denying the motion for discharge Love made in March; it properly reconsidered that ruling later and ordered Love's discharge.

Judgment affirmed.

GARRARD and BUCHANAN, JJ., concur.

---

**4.** Love's argument any delay attributable to him after December 18, 1989 is irrelevant because his right to discharge became ripe when the court set his trial on a date outside of the 70 day period is without merit. While Love objected to the court continuing his trial to a date outside of the 70 day period, his right to discharge could not mature until after December 26, 1989 when his 70 days expired. *See Martin v. State* (1981), Ind.App., 419 N.E.2d 256, 259 (an objection to a trial date set outside of the time limit is not a motion for discharge, which must be filed after the time limitation has expired—if brought before the time limit expires, the motion to discharge is premature).

**5.** The original 70 days that the State had to try Love was twice extended for "emergencies." However, the mandate of the rule continued and, therefore, Love had no obligation to make a new motion for speedy trial as is required when a defendant moves for a continuance, attributable to the defendant, prior to the expiration of the 70 day period. *Miller v. State* (1990), Ind., 563 N.E.2d 578, 582.

