**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KAREN M. HEARD**
Vanderburgh County Public Defender's Office
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TERRY REXING, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1212-CR-561 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Robert J. Pigman, Judge
Cause No. 82D02-1208-FB-876

**September 23, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**GARRARD, Senior Judge**

Terry Rexing appeals his convictions of dealing in methamphetamine, a Class A felony, Ind. Code § 35-48-4-1.1; possession of chemical reagents or precursors with the intent to manufacture a controlled substance, a Class D felony, Ind. Code § 35-48-4-14.5; maintaining a common nuisance, a Class D felony, Ind. Code § 35-48-4-13; false informing, a Class B misdemeanor, Ind. Code § 35-44-2-2;[1] and criminal recklessness, a Class B misdemeanor, Ind. Code § 35-42-2-2. He also appeals the sentence the trial court imposed for these convictions and for being a habitual offender. We affirm.

Anthony Werne leased an apartment located above an insurance agency in Evansville. An elementary school is just across the street. In March 2012, Werne allowed Rexing to move in. Rexing slept in the apartment's one bedroom, and Werne slept on a couch. Rexing kept his belongings in the bedroom and frequently locked the door to the bedroom even when he was not present.

On August 2, 2012, Werne purchased medicine containing pseudoephedrine, a precursor of methamphetamine. He gave the medicine to Rexing. In addition, at Rexing's request Werne contacted an acquaintance to see if he had any plastic tubing. Later that day, Werne was watching television in the apartment when Rexing walked out of the bedroom. Rexing told Werne that something in the bedroom had caught fire, and he needed help. Werne went into the bedroom and saw a small fire on the floor under a window. Werne put out the fire with water, and as he did so Rexing picked up items on the bedroom floor.

---

[1] Subsequently recodified as Indiana Code section 35-44.1-2-3.

Meanwhile, firefighters were dispatched to Werne's apartment in response to a report of smoke coming out of the building. When the firefighters arrived, Werne, acting on Rexing's instructions, initially refused to let them in. The firefighters entered the apartment despite Werne's objections and told the men to evacuate. Werne and Rexing went outside. When a police officer arrived, Rexing tried to walk away, but the officer stopped him from leaving.

A fire investigator entered the apartment and found two burnt areas, one on the floor under a window, and another in a closet. The investigator also saw precursors and other items used in the manufacture of methamphetamine. He concluded that someone had been making methamphetamine under the window when the apparatus caught fire, and someone had then placed the burnt items in the closet.

Meanwhile, a police officer interviewed Rexing. Rexing claimed that Werne slept in the bedroom and owned the precursors and other methamphetamine-related items that were found there.

The State charged Rexing with dealing in methamphetamine as a Class B felony, possession of precursors with intent to manufacture a controlled substance, maintaining a common nuisance, false informing, criminal recklessness, and being a habitual substance abuser. Rexing filed a request for a speedy trial. Prior to trial, the State amended the charging information to increase the charge of dealing in methamphetamine to a Class A felony, alleging that Rexing committed the offense within 1000 feet of a school. The State also charged Rexing with being a habitual offender. The trial court permitted the amendments over Rexing's objection.

In addition, prior to trial the State notified Rexing that it intended to present to the jury evidence that Rexing had purchased medicine containing pseudoephedrine several times and that stores had blocked him from purchasing medicine containing pseudoephedrine several times in the months prior to the fire. Rexing objected and filed a motion in limine. The trial court denied his motion after a hearing.

Rexing was tried on all counts except being a habitual offender. Among other evidence, the State presented testimony and an exhibit to show that Rexing had twice purchased medicine containing pseudoephedrine and that stores had twice blocked him from purchasing medicine containing pseudoephedrine in the month prior to the apartment fire. The jury found him guilty as charged. Next, Rexing pleaded guilty to being a habitual offender. The court sentenced Rexing to an aggregate sixty-year term. This appeal followed.

## ISSUES

Rexing raises five issues, which we consolidate and restate as:

I. Whether the trial court erred in allowing the State to amend the charging information.

II. Whether the trial court abused its discretion in admitting evidence.

III. Whether there is sufficient evidence to sustain Rexing's conviction for dealing in methamphetamine.

IV. Whether Rexing's sentence is inappropriate.

DISCUSSION AND DECISION

## I. AMENDMENT OF THE CHARGING INFORMATION

Rexing argues that the trial court should not have permitted the State to amend the charging information to charge him with dealing in methamphetamine within 1000 feet of a school and with being a habitual offender. The State claims that Rexing has waived this argument. We address the State's claim of waiver.

The governing statute provides, in relevant part:

The indictment or information may be amended in matters of substance and the names of material witnesses may be added, by the prosecuting attorney, upon giving written notice to the defendant at any time:

* * * * *

(2) before the commencement of trial;

if the amendment does not prejudice the substantial rights of the defendant.

Ind. Code § 35-34-1-5(b). A defendant's failure to request a continuance after a trial court allows a pre-trial substantive amendment to the charging information over defendant's objection results in waiver of the issue for appellate review. *Wilson v. State*, 931 N.E.2d 914, 918 (Ind. Ct. App. 2010), *trans. denied*.

Rexing generally objected to the State's amendments but did not request a continuance. Consequently, Rexing has waived this claim.

Rexing notes that he had requested a speedy trial, and he contends that being required to request a continuance to preserve this claim for appellate review would have effectively forced him to abandon his right to a speedy trial. Our supreme court has determined that a speedy trial request does not negate waiver in this circumstance. *See*

*Haymaker v. State*, 667 N.E.2d 1113, 1114 (Ind. 1996). In any event, Rexing could have requested a continuance and contemporaneously refiled his request for a speedy trial. *See Miller v. State*, 563 N.E.2d 578, 582 (Ind. 1990).

## II. ADMISSION OF EVIDENCE

Rexing argues the trial court erred in admitting into evidence a surveyor's map and testimony and evidence showing that Rexing had purchased and unsuccessfully attempted to purchase medicine containing pseudoephedrine several times during the month prior to the fire.

The decision to admit or exclude evidence lies within the trial court's discretion. *Sisson v. State*, 985 N.E.2d 1, 14 (Ind. Ct. App. 2012), *trans. denied*. An abuse of discretion occurs when the trial court's decision is against the logic and effects of the facts and circumstances before it. *Id.* Evidence admitted in error may not require reversal if the error is found to be harmless. *Overstreet v. State*, 783 N.E.2d 1140, 1156 (Ind. 2003). Evidence meets this standard if it does not prejudice the defendant's substantial rights. *Id.* If erroneously admitted evidence is cumulative of other evidence, the erroneous admission is harmless error and does not require reversal. *Teague v. State*, 978 N.E.2d 1183, 1189 (Ind. Ct. App. 2012).

We begin with the surveyor's map. The State offered the map at trial to establish that Rexing's apartment was located within 1000 feet of a school. Rexing argues: (1) the State failed to disclose the map to him prior to trial, (2) the map was not properly authenticated, (3) the map is hearsay, and (4) introduction of the map into evidence

6

without testimony from the person or entity that prepared the map violated his right to confront witnesses under the federal and state constitutions.

We conclude that any error in the admission of the map was harmless. An officer testified at trial that the school was "across the street" from Rexing's apartment. Tr. p. 67. The jury also saw numerous photographs depicting the school and the apartment building, and they could have reasonably determined from the photographs that the school was located well within 1000 feet of Rexing's apartment. Consequently, the map was cumulative of the officer's testimony and the photographs, and there was no reversible error.

Next, Rexing contends the court should not have admitted testimony and an exhibit regarding his purchases and attempted purchases of pseudoephedrine in the month prior to the fire at his apartment. He claims the admission of such evidence violated Indiana Evidence Rule 404(b), which provides, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Rule 404(b) further provides that evidence of other crimes, wrongs, or acts may "be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

Rule 404(b) is designed to prevent a jury from assessing a defendant's guilt on the basis of past propensities. *Wilhelmus v. State*, 824 N.E.2d 405, 414 (Ind. Ct. App. 2005). In assessing the admissibility of evidence under Rule 404(b), a court must: (1) determine whether the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other

than the defendant's propensity to commit the charged act, and (2) balance the probative value of the evidence against its prejudicial effect pursuant to Evidence Rule 403. *Id.*

Here, while cross-examining Werne, Rexing questioned him about his purchase of pseudoephedrine on August 2, 2012, the day of the apartment fire. Rexing also cross-examined Werne about his efforts to obtain plastic tubing on the same day. Furthermore, during closing arguments, Rexing asserted that Werne was the methamphetamine manufacturer, not him. Thus, Rexing placed into issue the question of who prepared or planned to manufacture methamphetamine and disputed the identity of the methamphetamine manufacturer. Evidence that Rexing had repeatedly purchased and attempted to purchase pseudoephedrine in the past month was relevant to establish preparation, plan, and identity under Rule 404(b). *See Wilhelmus*, 824 N.E.2d at 415 (determining that in a prosecution for manufacturing methamphetamine, evidence of Wilhelmus's past involvement in manufacturing methamphetamine was relevant to establish identity).

In addition, we conclude the probative value of evidence of Rexing's purchases and unsuccessful attempts to purchase pseudoephedrine outweighed its prejudicial effect. The evidence was unlikely to unduly prejudice the jury against Rexing because Werne also admitted to the jury that he had purchased pseudoephedrine. Thus, the trial court did not abuse its discretion in admitting such evidence.

### III. SUFFICIENCY OF THE EVIDENCE – DEALING METHAMPHETAMINE

Rexing argues there is insufficient evidence to support his conviction for dealing in methamphetamine because he says Werne committed the crime.

8

When an appellant challenges the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Joslyn v. State*, 942 N.E.2d 809, 811 (Ind. 2011). We consider only the probative evidence and reasonable inferences supporting the verdict, and we will affirm if the evidence and reasonable inferences could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

In order to convict Rexing of dealing in methamphetamine as charged, the State was required to prove that he: (1) knowingly or intentionally (2) manufactured or possessed with the intent to manufacture (3) methamphetamine (4) within 1000 feet of school property. Ind. Code § 35-48-4-1.1.

At trial, Werne testified about Rexing's exclusive use of the bedroom where the methamphetamine apparatus and precursors were found and Rexing's actions on the day in question. This was sufficient evidence from which a reasonable jury could have determined beyond a reasonable doubt that Rexing, not Werne, manufactured methamphetamine. Rexing's challenges to Werne's testimony amount to a request to reweigh the evidence, which our standard of review forbids.

## IV. SENTENCING

Rexing asks this Court to reduce his sentence for dealing in methamphetamine, claiming it is inappropriate when combined with the habitual offender enhancement.

A sentence authorized by statute can be revised on appeal where it is inappropriate in light of the nature of the offense and the character of the offender. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012) (citing Indiana Appellate Rule 7(B)). The goal of our

9

review is not to determine whether another sentence is more appropriate but rather whether the sentence imposed is inappropriate. *Id.* The burden is on the defendant to persuade us that the sentence is inappropriate. *Coleman v. State*, 946 N.E.2d 1160, 1170 (Ind. 2011).

Here, the court sentenced Rexing to thirty years for dealing in methamphetamine, enhanced by thirty years for the habitual offender determination. The trial court ordered that Rexing's sentences on his other convictions, none of which exceeded one year, would be served concurrently with the dealing conviction, for a total sentence of sixty years.

Turning to the nature of the offense, Rexing manufactured methamphetamine in an upstairs apartment across the street from an elementary school. Children were present on the school's playground when the police arrived at Rexing's apartment. The health hazards of the manufacturing process are well known. Indeed, in this case Rexing's apparatus caught fire, posing a risk to the entire building and to neighboring structures.

Next, we turn to the character of the offender. Rexing has seven prior felony convictions, and several of them are for possessing or dealing in methamphetamine. In addition, Rexing has numerous misdemeanor convictions, including several for purchases of pseudoephedrine in amounts beyond the statutory limit. It reflects poorly on him that he continues to commit the same crimes over and over again. In addition, Rexing, who was forty years old at sentencing, has no work history and has used methamphetamine on a daily basis since age twenty. He has failed to persuade us that his sixty-year sentence is inappropriate.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

FRIEDLANDER, J., and MAY, J., concur.