**Wendell ERVIN, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 49S00–8801–CR–59.

Supreme Court of Indiana.

March 17, 1989.

Susan K. Carpenter, Public Defender, Thomas C. Hinesley, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

Appellant entered a plea of guilty to the crimes of Rape, a Class B felony, Burglary, a Class B felony, and Robbery, a Class C felony, for which he received an aggregate sentence of forty-eight (48) years. Following sentencing, appellant filed a "Motion To Correct Erroneous Sentence." Appellant takes this appeal from a denial of that motion.

After considering the presentence investigation and the evidence heard at the sentencing hearing, the court found aggravating factors to be: 1) the defendant is in need of rehabilitation that can only be provided by a penal facility; and 2) any reduced sentence would depreciate the seriousness of the crime. The court proceeded to sentence appellant.

Appellant takes the position that the judge did not give sufficient reasons for aggravating his sentences from the pre-

sumptive sentence of ten (10) years for rape and burglary, which he enhanced by ten (10) years and the presumptive sentence of five (5) years for robbery, which he enhanced by three (3) years, and in ruling that the sentences should be served consecutively.

It is true that this Court has held that in enhancing a sentence the judge must identify the aggravating circumstances and must state the specific reasons why each circumstance is considered to be aggravating. *Hammons v. State* (1986), Ind., 493 N.E.2d 1250; Ind.Code § 35–38–1–3 *et seq.*

In the case at bar, on a plea of guilty to the charges, appellant was questioned in detail by the trial court concerning each offense and freely admitted that he had broken into the house of his aunt, had raped her, and had robbed her of money and goods. The victim also testified at the sentencing hearing and stated that appellant broke into her home. She stated that she suffered from heart trouble and had asked appellant to leave her alone and to leave the house because of her heart trouble. However, he stated he did not care anything about her heart and that he would kill her if she recognized him. This threat he repeated at least twice.

After stating that he had examined the evidence, the trial judge stated that appellant was in need of rehabilitation that could be provided only in a penal facility and that to reduce the sentence would depreciate the seriousness of the crime. This conclusion appears to be an understatement when one couples appellant's statements at his sentencing hearing together with the judge's findings. Noting also the fact that the sentence is within the statutory limitations, we find that no reasonable person could find the sentence inappropriate for the particular crime. Ind.R.App.Rev.Sen. 2; *Linder v. State* (1985), Ind., 485 N.E.2d 73. *See also Durham v. State* (1987), Ind. App., 510 N.E.2d 202.

We find this record fully supports the sentences rendered by the trial court.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK, J., concur.

DeBRULER, J., dissents with separate opinion in which DICKSON, J., concurs.

DeBRULER, Justice, dissenting.

The General Assembly has declared that the public good will be served if the judge in sentencing sets forth a statement of his reasons for selecting the sentence which he imposes. I.C. 35–38–1–3. In a unanimous opinion, this Court has deemed it appropriate to be reasonably diligent in enforcing the requirement, saying:

> A mere recital of the statutory factors is not a "statement of the court's reasons." The defendant must be told and this Court must know the reasons why the trial court imprisoned the defendant for forty years rather than for twenty.... The trial court must proceed from the bland and conclusory language of the sentencing criteria statute to a specific and individualized statement of why....

*Green v. State* (1981), Ind., 424 N.E.2d 1014, 1015.

The trial court did no more than to repeat two of the enumerated criteria from the statute. This does not fulfil the letter or spirit of the requirement that reasons for aggravating a sentence be given. I would remand for a more particularized statement of the court's reasons for the sentences imposed or in the alternative, for the imposition of concurrent standard sentences on all counts.

DICKSON, J., concurs.