**Wendell ERVIN, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 49A02–9612–PC–821.

Court of Appeals of Indiana.

July 29, 1997.

Susan K. Carpenter, Public Defender, Mario Joven, Deputy Public Defender, Indianapolis, for Appellant–Petitioner.

Jeffrey A. Modisett, Attorney General, Rafal Ofierski, Deputy Attorney General, Indianapolis, for Appellee–Respondent.

## OPINION

ROBERTSON, Judge.

Wendell Ervin appeals the denial of his petition for post-conviction relief from his convictions, entered pursuant to a guilty plea, of Rape, Burglary, and Robbery, for which he received the statutory, maximum sentence of forty-eight (48) years. Ervin attacks the propriety of the trial court's imposition of the maximum sentence. We affirm.

## FACTS

The facts in the light most favorable to the post-conviction court's judgment reveal that, during a single criminal episode, Ervin broke into his aunt's house, raped her, and robbed her. Ervin pled guilty, and the State agreed not to make any recommendation regarding sentencing. At the sentencing hearing, Ervin presented evidence of the following mitigating circumstances:

1. Ervin had no previous felony convictions;

2. alcohol had contributed to the crime;

3. Ervin had held a steady job before his arrest;

4. Ervin had a good reputation with his employers;

5. Ervin had a supportive family;

6. Ervin showed remorse;

The pre-sentence investigation report recommended neither enhanced nor consecutive sentences but recommended that Ervin receive no less than a ten year sentence.

The victim, an African–American, testified during sentencing that she thought Ervin, also an African–American, should receive life imprisonment. The trial court engaged in the following colloquy with the victim:

COURT: Do you read the Indianapolis Star?

VICTIM: No, I don't.

COURT: Don't you? Well, they've been running some articles lately, I think they had about three of them. It ... was about crime in the black community and they talked about black on black crime .... the implications from that article was the Courts are too lenient on black defendants whenever they, especially in sex cases where there is a rape involved, the Courts were too lenient and they didn't give black defendants enough time when they raped black women. Now if they raped white women, supposedly the Courts gave them more time.... About a month ago, I had a case that was very similar to this, it was a white woman and a black defendant .... the State didn't agree with what the victim wanted. That white woman was asking leniency of the Court for the black boy who did this. I went ahead and gave him forty or fifty years ...

The trial judge went on to state that the previous case was "a little bit different" than the present case because of the family relationship between Ervin and the victim.

The trial court sentenced Ervin to enhanced, consecutive sentences totaling forty-eight years (the statutory maximum) citing the two following statutory aggravators:

1. Def(endant) is in need of rehabilitative treatment that can only be provided by a penal facility.

2. A reduced sentence would depreciate the seriousness of the crime.

Ervin filed a motion to correct an erroneous sentence, arguing that the trial court's sentencing statement was insufficient to support the sentence. The motion was denied, and our supreme court affirmed. *Ervin v. State*, 535 N.E.2d 138 (Ind.1989) (DeBruler J. and Dickson J. dissenting).

Ervin filed the instant petition for post-conviction relief, again attacking his sentence. The State's answer did not plead either affirmative defense of waiver or res judicata. Ervin's petition was denied, and this appeal ensued.

## DECISION

■ As stated in *Beliles v. State*, 663 N.E.2d 1168 (Ind.Ct.App.1996):

The post-conviction petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. In reviewing the judgment of a post-conviction court, the appellate court considers only the evidence and reasonable inferences supporting the judgment. The post-conviction court is the sole judge of the evidence and the credibility of the witnesses. A post-conviction petitioner who has been denied relief is in the position of one who has received a negative judgment and will only obtain reversal where the evidence is undisputed and leads inevitably to a conclusion opposite that of the post-conviction court. A post-conviction petitioner will not carry his burden unless he can affirmatively demonstrate that his substantive rights have been prejudiced.

*Id.* at 1171 (Citations omitted).

## I.

### *Race as a Factor in Sentencing*

■ Ervin cites the trial judge's colloquy with the victim at sentencing, as set out above, in support of his assertion that the trial court improperly considered his race in giving him the statutory, maximum sentence. Ervin argues that he is entitled to a remand for resentencing under the authority of *Beno v. State,* 581 N.E.2d 922 (Ind.1991), in which our supreme court held that the trial judge's desire to send a personal, philosophical, or political message was an improper reason to aggravate a sentence. *Id.* at 924. Ervin also asserts that the trial judge's words and conduct manifest racial prejudice requiring reversal, citing Ind.Judicial Conduct Canon 3 B(5) and *Thakkar v. State,* 644 N.E.2d 609, 611–12 (Ind.Ct.App.1994) (Even the appearance of bias and partiality requires recusal).

The trial judge's discussion of the issue of race during sentencing makes us very uncomfortable, especially his reference to an African–American as a "black boy." Nevertheless, we agree with the State that the trial judge's statements, taken in their entirety, are appropriately interpreted as a declaration that he would not permit race to play a role in sentencing and that he would give the maximum sentence regardless of the race of the victim, as he had done in the previous, similar case. Accordingly, we conclude that Ervin has failed to demonstrate that the evidence is undisputed and leads inevitably to a conclusion opposite that of the post-conviction court. Therefore, Ervin has failed to meet his burden of establishing his entitlement to post-conviction relief, and we find no error.

## II.

### *Sufficiency of Sentencing Statement*

■ As he did in his earlier appeal, Ervin argues that the trial court's recital of two statutory factors, without individualizing them to the character of the defendant and the nature of the crime, is insufficient to support the maximum, forty-eight year sentence. However, this precise question was decided adversely to Ervin in his earlier appeal. *See Ervin,* 535 N.E.2d at 139. Whether or not the State has waived the affirmative defenses of waiver or res judicata, we are compelled by considerations of stare decisis to follow the earlier decision. *See State v. Virtue,* 658 N.E.2d 605, 609 (Ind.Ct.App.1995) (We are required to follow the decisions of our supreme court), *trans. denied.*

Judgment affirmed.

BAKER and BARTEAU, JJ., concur.