**Jerome L. WILLIAMS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 03A04–0312–CR–630.**

Court of Appeals of Indiana.

July 7, 2004.

John F. Crawford, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Jerome Williams ("Williams") pled guilty to felony murder in Bartholomew Superior Court and was sentenced to serve sixty years in the Indiana Department of Correction. Williams appeals his sentence and argues that the trial court abused its discretion when it found his race to be an aggravating circumstance. Concluding that the trial court abused its discretion when it found Williams' race to be an aggravating circumstance, we reverse and remand for resentencing.

### Facts and Procedural History

In 2001, Lara Campbell ("Campbell") gave Williams information about various individuals to aid Williams in planning a robbery. Tr. pp. 15–16. One of those individuals was Virginia Brooks ("Brooks"), an eighty-two year old woman who, according to Campbell, had a large amount of money. On October 3, 2001, Williams and Edward Tindall ("Tindall") gained entry into Brooks' home with Campbell's assistance. Tr. p. 17. During the commission of the robbery, Brooks was strangled resulting in her death. Brooks was then removed from her home and left in a secluded wooded area. Williams was taken into custody after he attempted to cash a check drawn on Brooks' checking account.

On October 11, 2001, Williams was charged with murder, felony murder, and Class C felony forgery. On February 11, 2003, Williams pled guilty to felony murder. On August 6, 2003, the sentencing hearing was held, and during its discussion

of the aggravating circumstances, the trial court made the following statements:

> However, I think there is a specific impact on this community. Number one, to people who are elderly and feel that the factor of their age will be considered in making them more likely candidates for criminal behavior. And that will change their approach to things. And frankly, I also think that Mr. Williams' behavior has set back racial relations to some extent because an African–American, apparently two, Mr. Tindall I believe is African–American as well, murdered an elderly woman. We had one lady testify during the trial, I think she was a defense witness, Laura Campbell's, that she saw someone on the people trails, that they were people of color, I can't remember exactly what her term was but I think it was color, and she made some comment to the effect that they didn't look like they were people who belonged in their neighborhood. Some people got a little upset about that, but I think in light of these facts of this case, it's going to make people every [sic] more concerned about people of color being in their neighborhoods because of what has happened in this particular case.

Tr. pp. 69–70.

Finally, in its sentencing order, the trial court made the following findings:

1.  The defendant is a risk to commit another crime due to his character. The defendant makes poor choices for friends, involves himself in dangerous activities, and has no respect for women or the elderly.

2.  The nature and circumstances of the crime are that defendant planned the crime in detail by gathering names of potential victims, discussing and considering the victim's vulnerabilities. Age of the victim played a critical role in defendant's choice. Defendant involved one or two other people to commit the crime. He got into the house by deception then attempted to conceal the crime and continued the criminal process by attempting to forge the stolen checks. The crime impacted the community especially elderly people and increased their fear of African–Americans.

3.  The victim was 82 years of age, five days short of 83 years and she was specifically selected because of her age.

4.  The defendant's criminal history included an armed robbery charge and battery, abuse on co-defendant.

5.  The Court finds that the defendant maybe shows some remorse, but considers the timing suspicious. The age of the defendant is offset by the age of the victim. The defendant did enter a guilty plea and testified at jury trial against his co-defendant.

Appellant's App. pp. 136–37. The trial court then sentenced Williams to serve sixty years in the Department of Correction. Williams now appeals.

### Discussion and Decision

The presumptive sentence for felony murder is fifty-five years, to which up to ten years may be added for aggravating circumstances and ten years may be subtracted for mitigating circumstances. *See* Ind.Code § 35–50–2–3 (1998 & Supp.2003). Williams argues that his sixty-year enhanced sentence is improper because the trial court abused its discretion when it considered his race to be an aggravating circumstance.

Sentencing lies within the discretion of the trial court and sentencing deci-

sions are reviewed only for an abuse of that discretion. *Cox v. State,* 780 N.E.2d 1150, 1155 (Ind.Ct.App.2002). When the trial court imposes a sentence other than the presumptive sentence, we examine the record to determine whether the trial court sufficiently explained its reasons for selecting the sentence it imposed. *Sipple v. State,* 788 N.E.2d 473, 479–80 (Ind.Ct. App.2003), *trans. denied.* The trial court must identify all significant aggravating and mitigating circumstances, explain why each circumstance is aggravating or mitigating, and weigh mitigating circumstances against the aggravating circumstances. *Id.*

At the sentencing hearing, the trial court found that Williams' crime had a specific impact on the community. Specifically, the trial court stated, "frankly, I also think that Mr. Williams' behavior has set back racial relations to some extent because an African–American, apparently two, Mr. Tindall I believe is African–American as well, murdered an elderly woman.... I think in light of these facts of this case, it's going to make people every [sic] more concerned about people of color being in their neighborhoods because of what has happened in this particular case." Tr. pp. 69–70. Williams acknowledges that the trial court "may have had a laudatory purpose in making these comments insofar as he was expressing a concern over improved race relations in the Columbus community," but argues that "the mere mention of race as an aggravating factor destroys the appearance of impartiality and fairness in this sentencing process." Br. of Appellant at 7–8. Further, citing *Ervin v. State,* 683 N.E.2d 641 (Ind.Ct. App.1997), *trans. denied,* Williams contends that the "specific finding by the trial court that Mr. Williams' race was an aggravating factor is so pernicious so as to cloud the entire objectivity of the trial court's sentencing process." Br. of Appellant at 7.

In *Ervin,* the defendant filed a petition for post-conviction relief and argued that the trial court improperly considered his race during sentencing. 683 N.E.2d at 642–43. The defendant asserted that he was entitled to be resentenced under the authority of *Beno v. State,* 581 N.E.2d 922 (Ind.1991), "in which our supreme court held that the trial judge's desire to send a personal, philosophical, or political message was an improper reason to aggravate a sentence." *Ervin,* 683 N.E.2d at 643 (citing *Beno,* 581 N.E.2d at 924). In concluding that the trial court properly denied the defendant's petition for post-conviction relief, we stated:

> The trial judge's discussion of the issue of race during sentencing makes us very uncomfortable, especially his reference to an African–American as a "black boy." Nevertheless, we agree with the State that the trial judge's statements, taken in their entirety, are appropriately interpreted as a declaration that he would not permit race to play a role in sentencing and that he would give the maximum sentence regardless of the race of the victim, as he had done in the previous, similar case.

*Id.*

■ Like the *Ervin* panel, we are very uncomfortable with the trial judge's reference to the fact that Williams is African–American and the victim is white as an aggravating circumstance. While the trial judge's concern over race relations in the community is laudable, his use of Williams' race to address that concern during the sentencing proceedings was impermissible.[1] *See Beno,* 581 N.E.2d at 924.

---

1. However, we note that a trial court's use of      race in its sentencing decisions is not always

However, when the trial court improperly applies an aggravating circumstance but other valid aggravating circumstances exist, a sentence enhancement may still be upheld. *Jones v. State,* 780 N.E.2d 373, 380 (Ind.2002). This occurs when the invalid aggravating circumstance played a relatively unimportant role in the trial court's decision, and other aggravating circumstances were sufficient to sustain the trial court's decision. *Groves v. State,* 787 N.E.2d 401, 408 (Ind.Ct.App.2003), *trans. denied.* When our court can identify sufficient aggravating circumstances to persuade it that the trial court would have entered the same sentence even absent the impermissible circumstance, the trial court's decision should be affirmed. *Id.* However, if our court cannot say with confidence that the permissible aggravating circumstances would have led to the same result, we will remand for resentencing by the trial court or correct the sentencing on appeal. *Id.*

At the sentencing hearing and in its sentencing order, the trial court found several aggravating circumstances that Williams has not challenged in this appeal. The trial court also gave the most weight to the victim's age as an aggravating circumstance, and stated:

> One ... the victim is eighty-two, five days short of being eighty-three. Significantly over the age that the Court is required to consider as aggravating of sixty-five and that she was specifically selected because of her age and the perception apparently that she would be an easy target or that she would be frail, and that is the single largest aggrava-

ting factor in the circumstances of this case.

Tr. pp. 70–71.

These statements indicate that the trial court relied heavily on the victim's age and her selection as Williams' victim because of her age when it enhanced Williams' sentence by five years. However, given the lengthy discussion of Williams' race during the sentencing proceedings, we cannot conclude that the invalid aggravating circumstance played an unimportant role in the trial court's decision to aggravate Williams' sentence. Because we are unable to say with confidence that the trial court's consideration of the permissible aggravating circumstances would have led to the same result,[2] we reverse and remand this case for resentencing

Reversed and remanded for resentencing.

BARNES, J., and CRONE, J., concur.

---

improper. *See e.g. Witmer v. State,* 800 N.E.2d 571, 573 (Ind.2003) ("The sentencing statute's list of enumerated aggravating circumstances is not exclusive, of course, and we say without hesitation that racially motivated crimes are intolerable and may constitute an aggravating circumstance.").

2. However, we note that the permissible aggravating circumstances discussed by the trial court during the sentencing hearing are likely sufficient to support Williams' enhanced, but not maximum sentence.