# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 22 2020, 5:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Assistant Section Chief Criminal Appeals
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Shane A. Halsema, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | January 22, 2020 <br><br> Court of Appeals Case No. <br> 19A-CR-1673 <br><br> Appeal from the Tippecanoe Superior Court <br><br> The Honorable Steven P. Meyer, Judge <br><br> Trial Court Cause No. <br> 79D02-1901-F3-5 |

**Altice, Judge.**

## Case Summary

[1] Shane A. Halsema appeals the seven-year aggregate sentence that was imposed following his guilty pleas to battery resulting in moderate bodily injury and residential entry, both Level 6 felonies, and to being an habitual offender. Halsema argues that the trial court erred in identifying the lack of responsibility for the offenses and the use of a weapon as aggravating factors.

[2] We affirm.

## Facts and Procedural History

[3] On January 20, 2019, Lafayette Police Department officers were dispatched to an apartment regarding a possible domestic disturbance. As the officers entered the residence, they observed Halsema climbing out of a window.

[4] Officer K.M. Cooney detained Halsema and spoke with Vivian King, who was also present and bleeding from her head. King told Officer Cooney that she was temporarily living at the apartment that her cousin had rented. King explained that her cousin was incarcerated, so she invited a friend, Shelly Iverson, to stay with her so she would not be alone in the apartment.

[5] King told the officers that she was asleep when Halsema entered the apartment without permission. Halsema struck King on the head with a club after she had

ordered him to leave. Iverson had witnessed the incident and provided a corroborating statement to the officers.

[6] Halsema was arrested and charged with Count I, burglary resulting in bodily injury, a Level 3 felony, Count II, battery by means of a deadly weapon, a Level 5 felony, Count III, battery resulting in moderate bodily injury, a Level 6 felony, Count IV, residential entry, a Level 6 felony, and Count V, being an habitual offender.

[7] On March 22, 2019, Halsema pled guilty to Counts III and IV, and he admitted to being an habitual offender. In exchange, the State agreed to dismiss the remaining charges. At the sentencing hearing, the trial court specifically identified Halsema's extensive criminal history, his lengthy history of substance abuse, previous failed attempts at rehabilitation, several probation violations, and the failure to take responsibility for the instant offenses, as aggravating circumstances. The trial court determined that Halsema's decision to plead guilty was the sole mitigating circumstance. After determining that the aggravating factors outweighed the mitigating circumstance, the trial court sentenced Halsema to two years each on Counts III and IV to run consecutively with each other. The trial court then enhanced the sentence by three years on the habitual offender finding, thus ordering Halsema to serve an aggregate executed term of seven years. He now appeals.

# Discussion and Decision

[8] Halsema contends that the trial court abused its discretion in sentencing him because it improperly identified his failure to take responsibility for the offenses and the use of a weapon in committing the offenses as aggravating factors.

Sentencing decisions are within the authority of the trial court and are only reviewed for an abuse of discretion. *Williams v. State*, 811 N.E.2d 462, 464-65 (Ind. Ct. App. 2004). Indiana trial courts are required to enter sentencing statements whenever imposing sentence for a felony offense. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218. If the sentencing order includes a finding of aggravating or mitigating circumstances, the statement must explain why each factor has been determined to be mitigating or aggravating. *Id.*

[9] Additionally, while a trial court may not consider a defendant's choice to maintain his innocence as an aggravating factor, it may properly identify the defendant's lack of remorse or failure to take responsibility as an aggravating circumstance. *Salone v. State*, 652 N.E.2d 552, 562 (Ind. Ct. App. 2002), *trans. denied.* A guilty plea may be a mitigating circumstance when the State reaps a benefit in saving time and expense of proceeding to trial and in instances where a victim is spared the pain of testifying at trial. *Jackson v. State*, 973 N.E.2d 1123, 1131 (Ind. Ct. App. 2012), *trans. denied.* A guilty plea, however, does not foreclose a finding of the defendant's failure to take responsibility as an aggravating factor. *Anglemyer*, 875 N.E.2d at 220-21. While the trial court must assess the potential mitigating weight of a guilty plea, the significance of a

guilty plea as a mitigating factor varies from case to case. *Id.* For instance, a guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility. *Id.* at 221. Finally, the sentencing court may give weight to facts that are related to charges that have been dismissed unless the plea agreement prohibits the court from doing so as a condition of the plea. *Guzman v. State*, 985 N.E.2d 1125, 1132 (Ind. Ct. App. 2013).

[10] Halsema testified at the sentencing hearing that he saw five individuals fighting when he entered the apartment, and he "put [himself] into the fight . . . to try to break [it up]." *Confidential Appendix Vol. II* at 21. Halsema also claimed that "he was the one who got charged, nobody else got charged." *Transcript Vol. II* at 41. Although Halsema asserted these claims at sentencing, at no time did he allege to the police officers that anyone else was at the scene, other than Iverson and King. Moreover, neither of the women indicated that others were present when the incident occurred, and the police officers did not see anyone else at the residence. Also, while Halsema testified at the sentencing hearing that he cooperated and remained at the scene, he was attempting to flee through a window when the officers entered the apartment.

[11] Under these circumstances, it is apparent that while Halsema expected to reap the benefits of a plea agreement, his self-serving testimony at the sentencing hearing was an attempt to mitigate his involvement in the crimes and avoid responsibility. Hence, the trial court did not err in considering Halsema's

failure to take responsibility for the offenses as an aggravating factor when imposing the sentence. *See Anglemyer,* 875 N.E.2d at 220-21.

[12] We also reject Halsema's contention that the sentencing court improperly identified and considered the use of a weapon in the commission of the offenses as an aggravating factor. In fact, the sentencing court commented that it would *not* make "a determination that a weapon was involved because that's not been litigated. . . ." *Transcript Vol. II* at 67-68. But it also noted that "there were some significant injuries borne in the context of the battery that the court can consider." *Id.* Indeed, several photographs admitted at the sentencing hearing showed a three-inch gash on King's head. The trial court could properly consider these photos at sentencing, as there was nothing in the plea agreement that prohibited it from doing so. *See Guzman*, 985 N.E.2d at 1132 (observing that the trial court need not "turn a blind eye" to the facts of an incident that brought the defendant before it, unless the plea bargain precludes it "from using enhancements from underlying charges that were dismissed or from the original charges from which a lesser included plea is taken"). Here, no such limiting language was included in Halsema's plea agreement. Thus, Halsema's claims fail, and we conclude that the trial acted within its discretion in sentencing him.

[13] Judgment affirmed.

Robb, J. and Bradford, C.J., concur.